UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------- X

SPEEDFIT LLC and AUREL A. ASTILEAN,

                   Plaintiffs,

      -against-

WOODWAY USA, INC.

                 Defendant.

--------------------------------------- X

**MEMORANDUM AND ORDER**
13-CV-1276 (KAM)(AKT)

**MATSUMOTO, United States District Judge:**

        Plaintiffs Speedfit LLC ("Speedfit") and Aurel A. Astilean (together, "plaintiffs") move for leave to file a Third Amended Complaint against defendant Woodway USA, Inc. ("Woodway").  For the reasons discussed below, plaintiffs' motion is granted.

**BACKGROUND**

        This is a patent infringement action concerning the inventorship and development of a manually-powered treadmill, currently marketed by Woodway as the "Curve" treadmill. Plaintiff Speedfit, founded by plaintiff Astilean, is a New York-based company that develops fitness programs and equipment. (*See* ECF No. 84, Second Amended Complaint ("Second Am. Compl.") ¶¶ 3-4.)  Together, Speedfit and Astilean allege they have developed the "leg-powered, non-motorized treadmill" at the center of this litigation.  (*Id*. ¶ 4.)  Defendant Woodway is a

Wisconsin-based corporation that designs, manufactures, and sells fitness and exercise products, including the manually-operated Curve treadmill. (*See* ECF No. 93, Defendant's Answer to Second Am. Compl. ¶¶ 5, 38.)

## I.   Procedural History

On March 11, 2013, plaintiffs filed an action for, *inter alia*, breach of contract and declaratory judgment invalidating defendants Woodway and Douglas G. Bayerlein's patent for a manually-powered treadmill. (*See generally* ECF No. 1, Complaint.)[1]  Plaintiffs amended their complaint against defendants on June 17, 2013 to abandon their declaratory judgment claim and instead allege infringement of plaintiffs' own patents for components of a manually-powered treadmill, U.S. Patent Nos. 8,308,619 (the "'619 Patent") and 8,342,016 (the "'016 Patent") (collectively, the "Speedfit Patents".) (*See generally* ECF No. 18, Amended Complaint.)

On November 9, 2013, Woodway filed a motion to (1) dismiss or transfer plaintiffs' claims based on a later-filed action in the United States District Court for the Eastern District of Wisconsin, and (2) dismiss plaintiffs' state law claims for failure to state a claim for which relief could be

---

[1] Mr. Bayerlein was dismissed from this case by consent of the parties on November 3, 2014.  (*See* Electronic Order dated 11/3/14.)

granted.  (ECF No. 34, Motion to Dismiss.)  The court denied Woodway's motion except as to plaintiffs' breach of fiduciary duty claim, which was dismissed for failure to state a claim. (ECF No. 59, Mem. and Order, dated October 10, 2014.)

On February 17, 2015, with the consent of remaining defendant Woodway, plaintiffs filed a Second Amended Complaint that, *inter alia*, amended their cause of action for breach of contract to compel Woodway to assign all right, title, and interest in two Woodway patent applications connected to the manually-powered treadmill:  U.S. Patent Application No. 13/235,065 (the "'065 Patent Application") and U.S. Provisional Patent Application No. 61/161,027 (the "'027 Provisional Patent Application").  (Second Am. Compl. ¶ 54.)  Plaintiffs asserted that the information Woodway used to develop the patent applications "was taken directly from Plaintiff's design" and "improperly failed to identify Astilean as the inventor of the [manually-powered treadmill]."  (*Id*. ¶ 35.)  Woodway answered the Second Amended Complaint on March 6, 2015 and included counterclaims against plaintiffs for a declaratory judgment that the Speedfit Patents are invalid and a claim to correct inventorship of the Speedfit Patents to include "relevant Woodway personnel" as sole or joint inventors.  (*See generally* ECF No. 93, Defendant's Answer and Counterclaims to Second

Amended Complaint.)

## II.    Speedfit's Proposed Third Amended Complaint

On June 22, 2015, plaintiffs served the instant motion for leave to file a Third Amended Complaint. (*See* ECF No. 117-8, Plaintiff's Memorandum in Support of Motion for Leave to Amend the Second Amended Complaint ("Pl. Mem.").)[2]  Plaintiffs seek to add claims to correct the inventorship of three Woodway patents (collectively, the "Woodway Patents") to include Mr. Astilean and/or Dan Bostan[3] as inventors or co-inventors:  U.S. Patent No. 8,864,627 (the "'627 Patent"), issued by the United States Patent and Trademark Office ("PTO") on October 21, 2014; U.S. Patent No. 8,986,169 (the "'169 Patent"), issued by the PTO on March 24, 2015; and U.S. Patent No. 9,039,580 the ("'580 Patent"), issued by the PTO on May 26, 2015.[4]  (Pl. Reply at 7 n.7)  Plaintiffs additionally seek to add a claim of conversion of the Woodway patents from Speedfit (*Id*. at 1) and seek a

---

[2] The court notes plaintiffs have not modified their proposed Third Amended Complaint to reflect the court's dismissal of plaintiffs' breach of fiduciary duty claim.  Nor does the proposed Third Amended Complaint name Dan Bostan, the newly identified co-inventor of Speedfit's patents, as a plaintiff.

[3] On July 14, 2015, the court granted plaintiffs' motion to correct the inventorship of the two active Speedfit patents relating to a manually-powered treadmill, the '619 Patent and the '016 Patent, to include co-inventor Dan Bostan.  (*See* ECF No. 121, Electronic Order dated 7/14/15.)

[4] In plaintiffs' reply in support of their motion for leave to amend, plaintiffs explain that they inadvertently omitted the '580 Patent from the proposed Third Amended Complaint, but do seek to add a claim to the Third Amended Complaint "to correct inventorship of the '580 Patent."  (*See* ECF No. 119-4, Plaintiffs' Reply in Support of Motion for Leave to Amend the Second Amended Complaint ("Pl. Reply") at 7 n.7.)

declaratory judgment that Mssrs. Astilean and/or Bostan are the sole or joint inventors of the Woodway Patents. (*Id.*)

Defendant opposes the motion, arguing that plaintiffs should not be permitted to add claims after the deadline for amendment of pleadings and the discovery deadline have passed. (ECF No. 118-1, Defendant's Motion in Opposition to Plaintiffs' Motion for Leave to Amend ("Def. Opp.") at 1-2.)[5] Permitting plaintiffs to add claims at this stage of the litigation, defendant argues, will unduly prejudice Woodway by requiring fact discovery to be reopened, which in turn will delay the filing of summary judgment motions and setting of a trial date. (*Id.* at 10.) Defendant additionally argues that the motion fails because plaintiffs do not show good cause for their delay in bringing new claims, as required by Federal Rule of Civil Procedure 16(b). (*Id.* at 10-11.)

Plaintiffs counter that a court can only correct an issued patent under 35 U.S.C. § 256, the Woodway Patents only recently issued, and plaintiffs moved to amend as expeditiously as possible thereafter. (Pl. Reply at 9.) They also contend their new claims would not prejudice defendant because the

---

[5] By order dated November 4, 2013, the court set April 11, 2014 as the deadline to amend the complaint or join additional parties. (ECF No. 33.) Although the court subsequently issued amended scheduling orders, no new deadline was set for the amendment of pleadings. Fact discovery concluded on April 24, 2015 (*see* ECF No. 89) and the deadline to serve summary judgment motions is October 20, 2015. (*See* Electronic Order dated 5/15/15.)

Woodway Patents each trace their priority claim back to the '027 Provisional Patent Application, the inventorship of which has already been "thoroughly investigated" in discovery.  (*Id.*)

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires."  However, when a party moves to amend a complaint after a scheduling order's deadline to do so has elapsed, as here, "the Court must balance Rule 15(a)'s instruction to freely grant leave against Rule 16(b)'s instruction to not modify a scheduling order unless good cause is shown."  *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 298 (E.D.N.Y. 2013). The party seeking to amend after the Rule 16(b) deadline "must first establish good cause to modify that deadline."  *Eberle v. Town of Southhampton*, 985 F. Supp. 2d 344, 346 (E.D.N.Y 2013). "Once Plaintiff has established 'good cause' to modify the scheduling order under Rule 16(b)(4), Plaintiff must then satisfy the requirements of Rule 15(a) to be granted leave to amend."  *Beckett v. Incorporated Village of Freeport,* No. 11-cv-2163, 2014 WL 1330557, at *5 (E.D.N.Y. March 31, 2014).

## I.    Rule 16(b)(4) "Good Cause" Analysis

Whether good cause exists to amend after the Rule 16(b) deadline turns on "the diligence of the moving party."

*Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000).  To satisfy the good cause standard, "the party must show that despite having exercised reasonable diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010).

The court finds that plaintiffs have satisfied the "good cause" requirement of Rule 16(b)(4).  Plaintiffs could not have brought their proposed claims prior to the April 11, 2014 deadline for amendment of pleadings because the earliest of the Woodway Patents, the '627 Patent, did not issue until October 21, 2014.  The other two Woodway Patents did not issue until March 24, 2015 and May 26, 2015, respectively.  *See Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1335 (Fed. Cir. 2012) ("A § 256 claim for correction of inventorship does not accrue until the patent issues.")

Additionally, it was not until April 30, 2015 that defendant abandoned its '065 Patent Application, which included three pending claims that plaintiffs allege are patentably equivalent to the independent claims in the Patents-in-Suit. (Pl. Reply at 5-6.)  Although defendant argues that plaintiffs lacked diligence by not bringing their proposed new claims earlier, defendant concedes that the Woodway Patents "only

7

issued in the last several months."  (Def. Opp. at 10-11.)  The
parties also spent time engaged in negotiations to stipulate to
an amended complaint after the patents issued.  (*Id*. at 8-9).
After those negotiations broke down in June 2015 (*see* ECF No.
117-7, Declaration of Kadie M. Jelenchick in Support of
Defendant's Opposition to Plaintiff's Motion to Amend, Exhibit
E), plaintiffs acted diligently by serving their motion for
leave to amend on June 22, 2015.

    Thus, the court finds that Woodway has satisfied Rule
16(b)(4)'s "good cause" standard and proceeds to the Rule 15(a)
analysis.

## II.  Rule 15(a) Analysis

    Under Rule 15(a), "[a] district court has discretion
to deny leave for good reason, including futility, bad faith,
undue delay, or undue prejudice to the opposing party."
*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200-01 (2d
Cir. 2007).  The party opposing the motion to amend bears the
burden of establishing that an amendment would be prejudicial or
futile.  *Blaskiewicz v. Cnty. of Suffolk,* 29 F. Supp. 2d 134,
137-38 (E.D.N.Y. 1998).

    As an initial matter, defendant does not raise
futility of amendment in opposition to plaintiffs' motion.  Nor
does defendant argue that plaintiffs' motion is made with a bad

faith motive, and the court finds none.

Defendant's undue delay argument is indistinguishable from its lack of good cause argument.  Woodway asserts that plaintiffs had reason to know of the Woodway Patents during discovery and should have moved to amend earlier in the litigation.  (Def. Opp. at 11.)  As discussed above, plaintiffs filed their motion for leave to amend shortly after learning the Woodway Patents issued, and each of the Woodway Patents issued after the April 2014 deadline to amend pleadings.  Thus, there was no undue delay.  *See Sullivan v. W. N.Y. Residential, Inc.,* 01-CV-7847, 2003 WL 21056888, at *2 (E.D.N.Y. Mar. 4, 2003) ("[P]laintiffs are not guilty of repeated failure to cure deficiencies by previous amendments, since the information on which the present motion is based came into their possession only after" the time within which they could amend the complaint.)

As for possible prejudice to defendant, the court finds none of consequence, let alone "undue prejudice." Defendant argues in very broad terms that granting the motion will require additional discovery to establish the inventor of the concepts disclosed in the Woodway Patents.  (Def. Opp. at 11.)  But plaintiffs' new claims relate to Woodway's own patents, all of which claim priority from the same '027

Provisional Patent Application filed by Woodway and identified
in plaintiffs' Second Amended Complaint.  Thus, much of the
discovery the parties might seek as a result of the amendment
has already been satisfactorily completed (or is in Woodway's
possession), and the parties will be given an opportunity to
take discovery if necessary.  In any event, even if additional,
limited discovery is required, "the fact that the opposing party
will have to undertake additional discovery, standing alone,
does not suffice to warrant denial of a motion to amend a
pleading."  *U.S. ex rel. Mar. Admin. v. Cont'l Ill. Nat.'l Bank
& Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989).

       The court also finds that allowing plaintiff to add
claims related to the Woodway Patents will not significantly
delay resolution of this matter.  The new claims all arise from
the same facts as the original claims contained in plaintiffs'
original complaint.  Plaintiffs' new claims will not change the
nature of the case because they are intertwined with plaintiffs'
original claims regarding inventorship and development of a
manually-powered treadmill.

       Finally, the court has a substantial interest in
adjudicating this entire dispute in one action.  If a separate
action were brought for the new claims, as Woodway suggests
(Def. Opp. at 11), it would require the parties and the court to

duplicate their efforts.  The parties and the court should not be put to the burden of litigating two separate cases with identical or overlapping factual predicates.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to file a third amended complaint is granted.  Plaintiffs shall file their Third Amended Complaint by October 23, 2015. The deadline to submit summary judgment motions is hereby adjourned without date.  After defendant has responded to the Third Amended Complaint, the parties are referred to Magistrate Judge Tomlinson to schedule a conference and set new deadlines for discovery.  If the parties wish to schedule briefing for summary judgment motions after completion of discovery, they may request a pre-motion conference as provided in this court's motion practices.

**SO ORDERED.**

Dated:   October 19, 2015
         Brooklyn, New York


                              _____/s/_____
                              Kiyo A. Matsumoto
                              United States District Judge


11