UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SPEEDFIT LLC and AUREL A. ASTILEAN,

                              Plaintiffs,

            - against -

WOODWAY USA, INC.,

                              Defendant.
----------------------------------------------------------X

**ORDER**

CV 13-1276 (KAM) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

During the November 12, 2015 motion hearing, the Court gave Plaintiffs a final opportunity to provide further support for their claim that Plaintiff Astilean did not waive the attorney-client privilege protecting a December 1, 2012 email (Bates No.001-00020743) sent to his former counsel, Attorney Danzig, by inadvertently disclosing that email to a third party, Bruce Bickford.  *See* DE 132 ¶ 4.  Plaintiffs thereafter submitted the unsworn (*i.e.*, jurat not completed) affidavit of Plaintiff Astilean, *see* Affidavit of Aurel A. Astilean ("Astilean Affid.") [DE 134-1], and Defendant filed its opposition [DE 139].

As the Court noted during the conference, the burden is on Plaintiffs, as the parties asserting the attorney-client privilege, to demonstrate that the privilege has not been waived.  *See* DE 132 ¶ 4; *Denney v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 412 (S.D.N.Y. 2004).  Having reviewed the parties' submissions, the Court concludes that Plaintiffs have not met their burden under the circumstances presented here.  "[O]ne of the most important factors in the waiver inquiry is the effort 'taken to rectify the error,' including the speed of such efforts." *United States v. Finazzo*, No. 10-CR-457, 2013 WL 619572, at *14 (E.D.N.Y. Feb. 19, 2013).  In his affidavit, Plaintiff Astilean states that he "called [Bickford] and told him to disregard the email"

because it was "meant for [Astilean's] attorney." Astilean Affid. ¶ 5. However, Astilean has not indicated how much time elapsed between when he inadvertently sent the email to Bickford and this follow-up conversation.[1] Plaintiffs also did not provide any other evidence which may shed light on this issue, such as an affidavit from Bickford or Attorney Danzig. Without this information, the Court cannot conclude that Astilean or his counsel acted diligently and affirmatively in seeking to rectify Astilean's inadvertent disclosure of the December 1, 2012 email. *See, e.g.*, *Niceforo v. UBS Glob. Asset Mgmt. Americas, Inc.*, 20 F. Supp. 3d 428, 437 (S.D.N.Y. 2014); *Bus. Integration Servs., Inc. v. AT & T Corp.*, 251 F.R.D. 121, 129-30 (S.D.N.Y. 2008) *aff'd*, No. 06 CIV 1863, 2008 WL 5159781 (S.D.N.Y. Dec. 9, 2008).

Accordingly, the Court finds that the attorney-client privilege has been waived as to the December 1, 2012 email and the document must therefore be disclosed. The Court is directing Plaintiffs to produce the December 1, 2012 email to Defendant by December 21, 2015.

**SO ORDERED**.

Dated: Central Islip, New York
December 14, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

---

[1] Astilean also stated that he does not know if Bickford did, in fact, disregard or delete the email as Astilean directed him to do. Astilean Affid. ¶ 5.

2