UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
SPEEDFIT LLC and AUREL A. ASTILEAN,

     Plaintiffs,

     -against-

WOODWAY USA, INC.,

     Defendant.
--------------------------------X

**MEMORANDUM & ORDER**
13-CV-1276 (KAM)

**MATSUMOTO, United States District Judge:**

        Plaintiffs Speedfit LLC ("Speedfit") and Aurel A. Astilean ("Astilean") (collectively, "plaintiffs") commenced this action against Woodway USA, Inc. ("Woodway" or "defendant"), alleging that Woodway wrongfully infringed upon United States Patent No. 8,308,619 ("the '619 Patent") and United States Patent No. 8,343,016 ("the '016 Patent"), both of which relate to a manually-powered treadmill design.[1]  Plaintiffs allege that Woodway has infringed upon the '619 and '016 Patents through the following patents owned by Woodway, which also relate to manually-powered treadmills:  United States Patent No. 8,864,627 ("the '627 Patent"), United States Patent No. 8,986,169 ("the '169 Patent"), United States Patent No.

---

[1] Plaintiffs' Third Amended Complaint also alleges that Woodway has infringed upon United States Provisional Application Serial No. 61/280,265.  However, infringement occurs "during the term of the patent," which begins "on the date on which the patent issues."  *See* 35 U.S.C. §§ 271(a), 154(a)(2).  Since a provisional application is not an issued patent, the court will only consider plaintiffs' claims regarding the '619 and '016 Patents.

9,039,580 ("the '580 Patent"), and United States Patent No. 9,114,276 ("the '276 Patent") (collectively, the "Woodway Patents").  Plaintiffs seek a finding that Woodway wrongfully infringed on the '619 and '016 Patents, a correction of inventorship on the Woodway Patents, damages for alleged conversion, and a declaratory judgment that Astilean and his co-inventor Daniel Bostan ("Bostan") are the sole or joint inventors of the Woodway Patents.  (ECF No. 125, Plaintiffs' Third Amended Complaint ("Am. Compl.").)

Presently before the court is Woodway's motion to dismiss plaintiffs' Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted.  For the reasons set forth below, defendant's motion is granted in part and denied in part.

## BACKGROUND

Familiarity with the factual and procedural history is assumed, as set forth comprehensively in this court's prior orders concerning this litigation.  *See Speedfit LLC, et. al. v. Woodway USA, Inc.*, No. 13-cv-1276, 2015 WL 6143697 (E.D.N.Y. October 19, 2015) (granting leave to file a Third Amended Complaint); *Speedfit LLC, et. al. v. Woodway USA, Inc.*, 53 F. Supp. 3d 561 (E.D.N.Y. 2014) (denying Woodway's motion to

dismiss and motion to transfer).  Thereafter, plaintiffs filed their Third Amended Complaint on October 23, 2015, adding claims for correction of inventorship, conversion, and declaratory judgment.  On October 30, 2015, defendant filed a motion to dismiss the Third Amended Complaint, and plaintiffs filed an opposition on November 6, 2015.  (*See* ECF No. 126, Motion for Pre-Motion Conference to Dismiss by Woodway USA, Inc. ("Def. Mot."); ECF No. 129, Reply in Opposition to Woodway USA, Inc.'s Letter Motion Requesting a Pre-Motion Conference ("Pl. Opp.").)[2] Plaintiffs filed a supplemental opposition on November 19, 2015, (ECF No. 133, Response in Opposition re Motion to Dismiss ("Pl. Supp. Opp.").) and defendant filed a reply on November 25, 2015. (ECF No. 137, Reply in Support re Status Conference ("Def. Repl.").)

In its motion to dismiss, defendant argues that the court lacks subject matter jurisdiction over plaintiffs' infringement claims because Bostan, who is a co-inventor of the '619 and '016 Patents is not named as a plaintiff in this suit and plaintiffs Speedfit and Astilean therefore lack standing to bring claims for infringement.  Defendant further asserts that

---

[2] During a telephonic conference held on November 12, 2015, the court granted defendant's request to treat its October 30, 2015 letter motion requesting leave to file a motion to dismiss as defendant's motion to dismiss the Third Amended Complaint, and to treat plaintiff's response letter as its opposition. Plaintiffs were also granted permission to file a supplemental opposition. (*See* ECF Minute Entry, dated 11/12/15.)

plaintiffs' claims for correction of inventorship should be dismissed because Speedfit and Astilean lack standing to bring these claims on Bostan's behalf.  Finally, defendant asserts that plaintiffs' claim for conversion is preempted by federal patent law and should therefore be dismissed.

**LEGAL STANDARDS**

### I.   Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  It is well-settled that the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure,* 290 F.3d 493, 497 (2d Cir. 2002)).

In reviewing a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff." *J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir. 2004).  A court may exercise jurisdiction "only if a plaintiff has standing to sue on the date that it files suit." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (citing

4

*Keane Corp. v. United States*, 508 U.S. 200, 207 (1993)).
Furthermore, courts "'have an independent obligation to
determine whether subject-matter jurisdiction exists, even in
the absence of a challenge from any party.'" *Banks-Gervais v.
Medicare Contractor*, No. 12-cv-6339, 2013 WL 1694870, at *2
(E.D.N.Y. Apr. 16, 2013) (quoting *Arbaugh v. Y & H Corp.,* 546
U.S. 500, 514 (2006)).  Where subject matter jurisdiction is
lacking, "dismissal is mandatory."  *Id.; see also* Fed. R. Civ.
P. 12(h)(3) ("If the court determines at any time that it lacks
subject-matter jurisdiction, the court must dismiss the
action.").

### II.  Rule 12(b)(6)

     To survive a motion to dismiss pursuant to Rule
12(b)(6), a complaint must contain sufficient factual matter,
accepted as true, to "'state a claim to relief that is plausible
on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
(2007)).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
conduct alleged."  *Id.*  A complaint providing only "labels and
conclusions" or "a formulaic recitation of the elements of a
cause of action will not do."  *Twombly*, 550 U.S. at 555.  In
deciding a motion to dismiss pursuant to Rule 12(b)(6), the

court may refer to "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted); *see also Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 1993) (clarifying that "*reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of a document on a dismissal motion; mere notice of possession is not enough.") (emphasis in original).

## **DISCUSSION**

### I.   **Plaintiffs' Patent Infringement Claims**

Plaintiffs allege that Woodway wrongfully infringed upon the '016 and '619 Patents through its manufacture and sale of the Curve treadmill, which is also manually-powered.  At issue is whether plaintiffs' infringement claims should be dismissed for lack of subject matter jurisdiction, as asserted by Woodway.  Defendant argues that because the Third Amended Complaint does not name co-inventor Bostan as a plaintiff and because Bostan was not named as a plaintiff when this action was initially filed on March 11, 2013, plaintiffs Astilean and Speedfit lack standing to bring an infringement claim relating

6

to the '016 and '619 Patents, and their claims should therefore
be dismissed.

### a. Standing to Bring an Infringement Claim

A patent serves to protect an inventor's right to
exclude others from making, using, offering to sell, or selling
his or her invention during the term of the patent.  35 U.S.C. §
271(a) ("Except as otherwise provided in this title, whoever
without authority makes, uses, offers to sell, or sells any
patented invention, within the United States or imports into the
United States any patented invention during the term of the
patent therefor, infringes the patent.").  In general, an
individual owns the patent rights to the subject matter of which
he or she is an inventor.  *Banks v. Unisys Corp.*, 228 F.3d 1357,
1359 (Fed. Cir. 2000).  In cases of co-inventors, each
individual "owns a pro rata undivided interest in the entire
patent, no matter what their respective contributions."
*Ethicon, Inc. v. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir.
1998).  As such, each co-inventor individually retains the right
to exclude others from infringing upon his or her patent, and
the Federal Circuit has consistently required that all co-
inventors be joined as plaintiffs at the time that an
infringement suit is filed in order for there to be proper
standing to proceed with an infringement claim.  *See, e.g.,*
*Int'l Nutrition Corp. v. Horphag Research Ltd.*, 257 F.3d 1324,

7

1331 (Fed. Cir. 2001) ("[T]he right to bring suit on the United States patent in the district court is governed by United States patent law, which requires that all co-owners normally must join as plaintiffs in an infringement suit."); *Ethicon*, 135 F.3d at 1467-68 ("An action for infringement must join as plaintiffs all co-owners.") (citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)).

In the present suit, the initial complaint, filed on March 11, 2013, named Speedfit LLC and Astilean as plaintiffs (*See* ECF No. 1, Complaint.), but did not include Bostan, whom plaintiffs have since established as a co-inventor of the patents at issue. (*See* ECF No. 110, Motion to Amend/Correct/Supplement the Inventorship of the Patents-In-Suit pursuant to 35 U.S.C. 256.) Recognizing the general rule requiring all co-owners of a patent to join as plaintiffs, plaintiffs assert two exceptions to this rule as the basis for their argument that their claims should proceed against Woodway despite the fact that Bostan has not been joined as a plaintiff. First, plaintiffs assert that Astilean and Bostan assigned their right to sue to Speedfit through an assignment agreement dated June 1, 2015 (the "Assignment Agreement"), thereby granting Speedfit the full ownership interest required for standing to bring an infringement suit. (*See* Pl. Opp. at 2.) Second, plaintiffs argue that Bostan waived his right not to be joined

8

involuntarily if he refuses to join a lawsuit voluntarily, and that this suit can therefore proceed without him.  (*See* Pl. Supp. Op. at 9.)  The court considers each of plaintiffs' assertions in turn.

## 1. *The June 1, 2015 Assignment*

Plaintiffs refer to the Assignment Agreement in support of their assertion that Bostan need not be joined in order for plaintiffs to have standing, since he assigned his complete ownership in the patents at issue, and all accompanying rights, to Speedfit.  (*See* Def. Mot. Exhibit B.)  The Assignment Agreement provided that Bostan and Astilean "irrevocably assign and transfer [their] entire and exclusive right, title, and interest in the ['016 Patent and '619 Patent] to Speedfit, LLC, [...] its successors, assigns, and legal representatives, including any nominees."  (*Id.*)  Plaintiffs argue that because Bostan assigned his "entire and exclusive right, title, and interest" to Speedfit, Speedfit has standing to bring the present claims without naming Bostan as a plaintiff.  (Pl. Opp. at 2.)  Plaintiffs further assert that the Assignment Agreement, though dated June 1, 2015, should be understood to apply retroactively, based on the intention of the parties, which plaintiff asserts can be gleaned from context surrounding the execution of the Assignment Agreement.  (*Id.*)

9

The court respectfully rejects plaintiffs' assertion that the Assignment Agreement conveys the requisite standing to Speedfit and Astilean to bring this suit without naming Bostan as a plaintiff.  First, the court finds no support in the Assignment Agreement for plaintiffs' assertion that it was intended to apply retroactively to the date that this suit was initially filed in March of 2013.  In addition, even if the Assignment Agreement did apply retroactively – though this is not specified anywhere in the agreement - a deficiency in standing cannot be cured through a retroactive assignment agreement.  *See Abraxis*, 625 F.3d at 1366-67 ("Even if the [assignment] agreement is considered to be a *nunc pro tunc* assignment, for purposes of standing, [plaintiff] was required to have legal title to the patents on the day it filed the complaint and that requirement cannot be met retroactively.")  Although there is one recognized exception to this rule, where an owner expressly grants an assignee the right to sue for past infringement transpiring before the assignee acquired legal title, the Assignment Agreement makes no such specification and therefore, this exception does not apply here.  *Id.* at 1367.  Furthermore, the Assignment Agreement was entered over two years after the initial complaint was filed naming Speedfit as a plaintiff.  Even if the Assignment Agreement was retroactively applicable, Speedfit did not have an ownership

10

interest in the patents at issue on March 11, 2013, and therefore lacked standing to bring suit at the time that the original complaint was filed.

Consequently, the court finds that plaintiffs lack standing to bring the present claims for infringement of the '016 and '619 Patents.  As a co-owner of the patents at issue, Astilean was required to join Bostan as a plaintiff when the suit was filed in March of 2013.  Furthermore, Speedfit, which had no ownership interest in the patent until June 1, 2015, did not have standing at the time the suit was filed.  Neither deficiency in standing was cured through the June 1, 2015 assignment to Speedfit.

> 2. *Bostan's Right Not to be Involuntarily Joined in a Lawsuit*

Plaintiffs argue in the alternative, that even if Bostan would ordinarily be required to join as a plaintiff under the general rule for standing, an exception applies in the present case because Bostan waived his right not to be involuntarily joined in this lawsuit.  (*See* Pl. Supp. Op. at 1.) The Federal Circuit has recognized this exception to the general requirement that all co-owners must be joined as plaintiffs in an infringement suit.  *See, e.g., Ethicon*, 135 F.3d at 1468 n.9 ("If, by agreement, a co-owner waives his right to refuse to join suit, his co-owners may subsequently force him to join in a

11

suit against infringers."); *see also STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014) (same).  In asserting this exception, plaintiffs rely on a May 2009 agreement (the "2009 Agreement") between Bostan and Astilean, by which they agreed to work together to develop the "New Design," i.e., the manually-powered treadmill, that would become the subject of the '016 and '619 Patents.  (*See* Def. Mot. Exhibit F.)

In particular, plaintiffs point to the following provision as an implied waiver by Bostan of his right to resist being involuntarily joined in a lawsuit:  "[Astilean and Bostan] will promote and market the New Design in such a way to obtain the most beneficial rewards, both financial and honorary, for their role as innovators and catalysts for the implementation of the new generation of green treadmills."  (2009 Agreement at 2.) Plaintiffs argue that by agreeing to this term, Bostan "acknowledged an express duty to take all steps required for Astilean to promote and monetize the invention," and that this includes a waiver of his ability to prevent an infringement suit by refusing to join as plaintiff.  (Pl. Supp. Op. at 9.)

The court finds that the 2009 Agreement did not constitute a waiver by Bostan of his right to refuse to join an infringement suit.  First, there is no mention in the 2009 Agreement of participation in future lawsuits and Bostan's willingness to do so.  Second, years after the 2009 Agreement

was executed, Bostan expressed his desire not to participate in this suit in the emails and deposition testimony cited by the parties – thereby asserting his right to refuse to join the lawsuit – without any mention of the 2009 Agreement. (*See, e.g.,* Pl. Opp. Exhibits A-B; Def. Mot. Exhibit D.)  Plaintiffs point to Bostan's deposition testimony, in which he stated that he "was giving all the rights to Speedfit over the applications, patents and so on" and that his "understanding was that Speedfit now will continue their lawsuit against Woodway [...] and I will not have to be party of that." (Pl. Opp. Exhibit A, at 181.) The court finds this statement to be ambiguous at best with respect to Bostan's intention to waive his right to refuse to join the lawsuit.

Based on the foregoing, and because a waiver must be clear and unambiguous, the testimony cited by plaintiffs cannot be viewed as a waiver of Bostan's right, particularly to the extent that it can be construed as an expression of Bostan's desire *not* to be a party to the lawsuit against Woodway.  *See Mooney v. City of New York*, 219 F.3d 123, 131 (2d Cir. 2000) ("The conduct said to constitute a waiver must be clear and unequivocal, as waivers are never to be lightly inferred.") (internal citation and quotation marks omitted).  Furthermore, plaintiffs have made no attempt to join Bostan as a plaintiff in their Third Amended Complaint, despite their assertion that they

13

are entitled to do so as a result of his alleged waiver.
Rather, plaintiffs have continued in their attempt to proceed
with their infringement claims in Bostan's absence.  The court
therefore finds that Bostan did not waive his right to refuse to
be joined in the law suit, and that his joinder was required in
order for plaintiffs to have standing.

### b. Required Joinder Under Federal Rule of Civil Procedure 19

In light of the court's determination that Bostan is a
necessary party for plaintiffs' infringement claims to proceed,
the court has considered whether Bostan can be involuntarily
joined as a plaintiff to remedy the standing issues presented by
defendant.  Federal Rule of Civil Procedure 19 ("Rule 19"),
which delineates the circumstances in which a party can be
involuntarily joined, provides that "[a] person who is subject
to service of process and whose joinder will not deprive the
court of subject-matter jurisdiction must be joined as a party
if [...] in that person's absence, the court cannot accord
complete relief among existing parties."  Fed. R. Civ. P.
19(a)(1)(A).  The court must further consider the application of
Rule 19 in the patent law context.

The Federal Circuit has addressed the question of
whether there is a rule of patent law that precludes application
of Rule 19, in light of the rule that "an action for

infringement must join as plaintiffs all co-owners." *Ethicon*, 135 F.3d at 1467 (citing *Waterman*, 138 U.S. at 255).  In considering this question, the Federal Circuit has held that "[r]ules of procedure, such as Rule 19(a), must give way to substantive patent rights." *STC.UNM*, 754 F.3d at 946 (citing 28 U.S.C. § 2072 (2012)).  The Federal Circuit has defined such "substantive patent rights" to include "the right of a patent co-owner to impede an infringement suit brought by another co-owner," noting that this substantive right "trumps the procedural rule for involuntary joinder under Rule 19(a)." *STC.UNM*, 754 F.3d at 946 (finding that one co-owner's consistent expression of a desire not to join a lawsuit left the other co-owner without standing to bring the suit); *see also DDB Technologies, L.L.C. v. MLB Advanced Media L.P.*, 517 F.3d 1284, 1289 n.2 (Fed. Cir. 2008) ("[W]e have explicitly held that Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner.").  Thus, controlling precedent is clear that a co-owner must voluntarily join an infringement suit, and absent the specific exceptions discussed above – which do not apply here – a court cannot rely on Rule 19 to join an unwilling co-inventor involuntarily as a plaintiff.

The court therefore finds that plaintiffs' failure to join Bostan in the present suit renders them unable to bring

claims of patent infringement with respect to the '619 and '016 Patents, and defendant's motion to dismiss these claims pursuant to Rule 12(b)(1) is granted.

## II.  Plaintiffs' Correction of Inventorship Claims

In addition to the claims for infringement of the '016 and '619 Patents, plaintiffs' Third Amended Complaint includes claims for correction of inventorship, asserting that the Woodway Patents should be corrected to include Astilean and Bostan as inventors or as joint inventors with inventor Nicholas Oblamski.  (*See* Am. Compl. ¶¶ 64-103.)  Defendant asserts that plaintiffs' correction of inventorship claims should also be dismissed pursuant to Rule 12(b)(1) because Astilean and Speedfit have not established that they have standing to bring these claims on Bostan's behalf.  (*See* Def. Mot. at 4; Def. Repl. at 11.)

Correction of inventorship is governed by 35 U.S.C. § 256.  *See* 35 U.S.C. § 256(a) ("Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.").  The Federal Circuit has recognized the right of a person alleging that he or she is a "co-inventor of the invention claimed in an issued patent who

16

was not listed as an inventor on the patent" to "bring a cause of action to correct inventorship in a district court under 35 U.S.C. § 256." *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348 (Fed. Cir. 2016) (quoting *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1357 n.1 (Fed. Cir. 2004)).  The court finds that this right clearly applies to Astilean's claim on his own behalf that the Woodway Patents should be corrected to include himself as an inventor or joint inventor.  The court next considers whether Astilean and Speedfit can assert this right on behalf of Bostan, who is not a plaintiff in this action.

In support of its motion to dismiss, defendant argues that plaintiffs have not established that they have standing to bring a claim for correction of inventorship on Bostan's behalf, and that Bostan would have to join as a plaintiff in order to bring a claim seeking to add him as an inventor or joint inventor to the Woodway Patents pursuant to 35 U.S.C. § 256. Although this court finds that Bostan must be joined as a plaintiff in order for plaintiffs to have standing to bring a patent infringement claim, the court finds that Bostan need not be joined for plaintiffs' correction of inventorship claims to stand.[3]

---

[3] Though not a basis for its decision, the court notes that defendant did not raise the present standing concerns when plaintiffs filed their motion for correction of inventorship adding Bostan as a co-inventor of the '619 and '016 Patents, which similarly involved plaintiffs Astilean and Speedfit bringing the claim on behalf of Bostan, who was not a party.  Defendant's argument with

The Federal Circuit has advised that 35 U.S.C. § 256 should be "interpreted broadly as a 'savings provision' to prevent patent rights from being extinguished simply because the inventors are not correctly listed." *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1358 (Fed. Cir. 2001) (citations omitted). Here, as discussed above, Bostan assigned his interests in the '016 and '619 Patents to Speedfit as of June 1, 2015, through the Assignment Agreement. The Assignment Agreement assigned Bostan's "entire and exclusive right, title, and interest" in the '619 and '016 Patents to Speedfit, including the right to protect its own interests in these patents as of June 1, 2015. The court disagrees with defendant's reliance on the fact that the Assignment Agreement "say[s] nothing about Mr. Bostan assigning any alleged inventorship rights in the Woodway Patents" to Speedfit, (*See* Def. Repl. at 11 n.7.), and finds that Speedfit's ability to assert such claims derives from its assigned interest in the '619 and '016 Patents, which concern the same underlying subject matter as the Woodway Patents.

The court finds that as an assignee of Bostan, Speedfit may assert a clear ownership interest in the subject matter at issue in the Woodway Patents and therefore has

respect to standing related to plaintiffs' claims of patent infringement alone. (*See* ECF No. 111, Response in Opposition re Motion to Amend/Correct/Supplement the Inventorship of the Patents-In-Suit pursuant to 35 U.S.C. 256, at 11-14.)

standing to bring claims for correction of inventorship seeking to add Bostan as an inventor. *See, e.g., Trireme Medical, LLC v. Angioscore, Inc.*, 812 F.3d 1050, 1052-53 (Fed. Cir. 2015) (finding that plaintiff lacked standing, not because of his status as assignee, but because the original patent owner had already assigned his rights to a prior assignee, and therefore had no ownership interest to assign to plaintiff); *Ferring B.V. v. Allergan, Inc.*, 166 F. Supp. 3d 415, 418 (S.D.N.Y. 2016) (deciding counterclaim by an assignee seeking to correct inventorship to substitute inventor, who assigned his interests in patents at issue).  Moreover, the court notes that in light of the Assignment Agreement, Bostan no longer has an ownership interest in the '016 and '619 Patents, and would likely be found to lack standing if he sought to bring a correction of inventorship claim on his own behalf at this time.  *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) (finding that inventor lacked standing because he assigned his patent rights and no longer had an ownership interest or "concrete financial interest" necessary for standing to bring a correction of inventorship claim).  The court notes, however, that standing alone is not sufficient to bring a claim pursuant to 35 U.S.C. § 256, and that notice and a hearing must be given to all interested parties before the court can reach a determination on the merits.  *See* 35 U.S.C. § 256(b) ("A

19

district court may order correction of the patent *on notice and hearing of all parties concerned*.") (emphasis added).  Based on the foregoing, defendant's motion to dismiss plaintiffs' claims for correction of inventorship pursuant to Rule 12(b)(6) is denied.

**III. Conversion Claim**

Finally, plaintiffs bring a claim of conversion based on the allegation that "Woodway has wrongfully exercised dominion over the property of Plaintiffs by refusing to name Astilean and Bostan as either inventors or joint inventors [...] of the [Woodway Patents]."  (Am. Compl. ¶ 110.)  As asserted in the Third Amended Complaint, the "property" at issue and subject to the alleged conversion claim is plaintiffs' ownership interest in "subject matter relating to motorless treadmills with a curved running surface [...] including the [Woodway Patents]."  (*Id.*)  Defendant argues that plaintiffs' conversion claim should be dismissed under Rule 12(b)(6) because it is preempted by federal patent law.

Whether a state law claim is preempted by federal patent law is governed by the law of the Federal Circuit.  *See Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1371 (Fed. Cir. 1999) ("This court applies its own law to determine whether federal patent law preempts state law.") (citations omitted).  In addressing matters of preemption, the

Federal Circuit has explained that "although federal patent law plainly does not provide for explicit preemption [...] a state may not offer patent-like protection to intellectual creations that would otherwise remain unprotected as a matter of federal law." *Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298, 1305 (Fed. Cir. 2003) (citations omitted).  Further, the Federal Circuit has held that "the field of federal patent law preempts any state law that purports to define rights based on inventorship." *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010) (quoting *Am. Cyanamid*, 196 F.3d at 1372).  Thus, according to controlling precedent, a state law claim that either seeks "patent-like" protections not provided by federal patent law, or turns on a determination of inventorship, is preempted by federal patent law.

Here, plaintiffs' conversion claim is both "patent-like" in nature, and also turns on a determination of inventorship regarding the manually-powered treadmill design at issue.  First, plaintiffs' assertion of ownership over the subject matter of the Woodway Patents, which underlies their claim of conversion, clearly turns on a determination of inventorship.  Second, the damages that plaintiffs assert, in particular the "loss of value of the Patents-in-Suit and the revenues derived from licenses to that property," essentially

restate the infringement claim for which patent law would provide a remedy if warranted.  (Am. Compl. ¶ 111.)  The court therefore finds that plaintiffs' conversion claim is preempted by federal patent law and must be dismissed.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss plaintiffs' Third Amended Complaint is granted in part and denied in part.  Plaintiffs' claims for infringement of the '016 and '619 Patents and conversion are dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6), respectively.  Defendant's motion to dismiss is denied with respect to plaintiffs' claims for correction of inventorship.  The parties shall confer and jointly advise the court by letter on ECF how they intend to proceed consistent with this opinion no later than January 9, 2017.

**SO ORDERED.**

Dated:   December 28, 2016
         Brooklyn, New York

                              _____/s/_____
                              Kiyo A. Matsumoto
                              United States District Judge