**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SPEEDFIT LLC and AUREL A. ASTILEAN,

                      Plaintiffs,                      **DECISION
                                                                                 AND ORDER**

       - against -

                                                                   CV 13-1276 (KAM) (AKT)

WOODWAY USA, INC.,

                      Defendant.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.      PRELIMINARY STATEMENT**

Defendant Woodway has filed a motion seeking to preclude the supplemental report of Plaintiffs' damages expert, David Wanetick, on the grounds, *inter alia*, that the report is untimely and offers "new damages opinions and theories for Plaintiffs' state law claims not previously disclosed." DE 203 [*SEALED*]. Further, Defendant's counsel asserts that the most egregious aspect of Plaintiffs' service of the supplemental report is that the report was provided ***after*** Defendant Woodway served the Plaintiffs with its *Daubert* motion challenging Mr. Wanetick's original report of July 27, 2015. *Id*. Plaintiffs oppose the motion, claiming that Wanetick's Supplemental Report was prepared as soon as he was able to do so once he had received Defendant Woodway's sales numbers. *See* DE 205 [*SEALED*] at 3. According to Plaintiffs, "Mr. Wanetick's Supplemental Report provides not only damages analysis now available for Plaintiffs' common law claims, but updated damages for Plaintiffs' patent claim." *Id*. For the reasons which follow, Defendant's motion is GRANTED, in part, and DENIED, in part.In a

## II.    BACKGROUND

### A.    The Pertinent Facts

This case has had a long and tortured history through the discovery process. Familiarity with the facts and history of this action is assumed and can be found in the many Orders issued both by this Court and by District Judge Matsumoto. *See, e.g.*, *Speedfit LLC v. Woodway USA, Inc.,* 226 F. Supp. 3d 149 (E.D.N.Y. 2016)*; Speedfit LLC v. Woodway USA, Inc.,* 53 F.Supp. 3d 561 (E.D.N.Y. 2014)*; Speedfit LLC v. Woodway USA, Inc.,* No. 13-CV-1276, 2015 WL 614-3697 (E.D.N.Y. Oct. 19, 2015). Those facts will not be repeated here except to the extent they impact the motion. Since the issues involved in this motion deal primarily with procedural matters, the Court will address only those facts which are pertinent to the arguments of counsel.

This patent infringement action concerns the inventorship and development of a manually-powered treadmill, currently marketed by Defendant Woodway ("Woodway") and known as the "Curve" treadmill. Speedfit LLC ("Speedfit") and Aurel Astilean ("Astilean") (collectively, "Plaintiffs") brought this action against Woodway USA, Inc. ("Defendant" or "Woodway") seeking (1) a declaratory judgment invalidating the Defendant Patent App. because it misrepresented who the inventor of the Curve treadmill was and declaring Plaintiff Astilean the sole inventor of the Curve; (2) in the alternative, a declaratory judgment, adding Plaintiff Astilean as co-inventor of the pending Defendant Patent App.; (3) breach of contract; (4) unjust enrichment; (5) constructive trust; and (6) breach of fiduciary duty and conversion. *See generally* Original Complaint [DE 1]. According to the Plaintiffs, Woodway misappropriated "the unique concept, design and know-how for constructing a non-motorized treadmill invented by Astilean

and a non-party, Dan Bostan." Third Amended Complaint ("TAC") [DE 125] ¶ 2. Further, Woodway acted as if the patent rights were its own and "marketed and wrongfully sold the product embodying the inventive non-motorized treadmill . . . as if it were its own." *Id*. The TAC asserts that Astilean is a former world-class athlete who founded Speedfit. He teaches a "low-impact, injury-free, high-energy approach to fitness. . ." *Id*. ¶ 4. The pleading further asserts that Astilean and Speedfit "developed the leg-powered, non-motorized treadmill, which is the subject of this action, and which was converted by Defendant." *Id*. Plaintiffs allege that Woodway wrongfully infringed the '619 Patent and '016 Patent, both of which are directed to a non-motorized treadmill design. TAC ¶¶ 6-9. Plaintiffs further allege that Woodway wrongfully infringed the '627 and '169 Patents (together with the '619 and '016 patents, the "Woodway Patents") which also relate to manually-powered treadmills. *Id*. ¶¶ 9-13. They seek multiple forms of relief. *See* TAC, "WHEREFORE CLAUSE" at page 29.

**B.     Procedural Posture**

On October 19, 2015, Judge Matsumoto granted Plaintiffs' motion to amend their Second Amended Complaint to: (1) add claims to correct the inventorship of three Woodway patents to include Plaintiff Aurel Astilean and Dan Bostan as inventors or co-inventors; (2) add a claim of conversion of the Woodway patents from Plaintiff Speedfit; and (3) seek a declaratory judgment that Astilean and/or Bostan are the sole or joint inventors of the Woodway Patents. *See* DE 124.[1] Plaintiffs filed their Third Amended Complaint on October 23, 2015. As part of her October 19,

---

[1]     On July 14, 2015, Judge Matsumoto had thegranted Plaintiffs' motion to correct the inventorship of Astilean's patents to include Bostan as a co-inventor. DE 121.

3

2015 Order, Judge Matsumoto referred the parties to this Court "to schedule a conference and set new deadlines for discovery." *See* Elec. Order October 19, 2015.

Woodway moved for a pre-motion conference to dismiss the TAC on October 30, 2015. *See* DE 126. Woodway's counsel argued that the Plaintiffs lacked standing as to their infringement claims because non-party Dan Bostan who is a named co-inventor of the Astilean Patents was not voluntarily joined as a co-plaintiff nor could he be so joined because he was in Canada, outside the Court's jurisdiction. *Id*. Counsel for the plaintiffs responded that this was the third attempt by the Defendant to dismiss the Plaintiffs' claims on the "flimsiest of technicalities." DE 129. Plaintiffs insisted that they had standing with respect to the infringement claims, and that Woodway's desire for motion practice should be deferred to summary judgment. *Id*. During a pre-motion conference on November 10, 2015, Judge Matsumoto pointed out that based on the Federal Circuit's 2010 decision in *Abraxis Bioscience, Inc. v. Navinta, LLC*, it appeared that Speefit lacked standing to sue for patent infringement at the time Plaintiffs filed their infringement claims. *See* Electronic Order of November 10, 2015. Based on that circumstance, Judge Matsumoto proposed treating the Defendant's pre-motion conference letter and Plaintiffs' response letter as briefing on the subject matter jurisdiction issue. Counsel were directed to confer with their clients concerning a proposal and to respond at a conference, which was then scheduled for November 12, 2015. *Id.* Counsel and their clients agreed to the proposal; however, plaintiffs requested leave to submit supplemental briefing and Judge Matsumoto set a schedule for that purpose. *Id*. The motion was fully briefed on November 25, 2015.

On December 28, 2016, Judge Matsumoto issued a Memorandum & Order granting in part and denying in part Defendant's motion to dismiss the TAC. *See* DE 143. Plaintiffs' claims for infringement of the '016 and '619 Patents as well as the claim for conversion were dismissed. *Id*. The motion was denied with respect to Plaintiffs' claims for correction of inventorship. *Id*. The parties were instructed to confer and to advise Judge Matsumoto by January 9, 2017 how they intended to proceed. Counsel filed separate letters outlining their proposals on January 9, 2017. *See* DE 145, 146.

Defendant's motion for summary judgment on invalidity was fully briefed on June 6, 2017. Judge Matsumoto issued her decision on the *Markman* issues on August 15, 2017. *See* DE 189. On June 17, 2018, Judge Matsumoto set a briefing schedule for the parties' *Daubert* motions.

### III. THE PARTIES' CONTENTIONS

At the outset, Defendant's counsel points out that the July 13, 2018 supplemental report by Plaintiffs' damages expert David Wanetick ("Wanetick") "was served nearly ***three years past*** the deadline for expert disclosures and offers new damages opinions and theories for Plaintiffs' state law claims not previously disclosed." DE 203 [emphasis in original]. Defendant particularly objects to the fact that the report was served after Woodway served Plaintiffs with its *Daubert* motion which purportedly challenges Wanetick's original report of July 27, 2015. *Id*. at 2. According to Defendant's counsel, Woodway's *Daubert* motion "provided a roadmap to the problems with [Wanetick's] opinions." *Id.* Defendant asks the Court to issue an order

5

precluding Plaintiffs' use of and reliance on any opinions from the supplemental report with respect to the state law claims. *Id.*

Once Plaintiffs served Wanetick's expert report, Defendant served its rebuttal report on August 26, 2015. Defendant's counsel points out that Wanetick was then deposed on August 28, 2015. In addition to the new theories of damages which Plaintiffs' expert has expounded, Defendant's counsel draws the Court's attention to the fact that (1) the cost information Wanetick is relying on to support his new theories was never produced in either fact or expert discovery (including the underlying invoices and/or summary information), and (2) the factual predicate for Wanetick's new theories directly contradicts Plaintiffs' sworn deposition testimony. *Id.* According to Defendant's counsel, Wanetick made clear at his deposition that his expert report did not compute damages for any of Plaintiffs' state law claims and that he was not offering any lost profits opinions, which is exactly what Defendant says he is attempting to offer now. *Id.* Moreover, counsel argues that Defendant's expert had no opportunity to refute or address these points at all. *Id.* On July 23, 2018, Woodway's counsel met and conferred with Speedfit's counsel and requested that Speedfit withdraw Wanetick's supplemental opinion relating to the common law claims from his July 13, 2018 report, but Speedfit declined to do so. *Id*. at 4.

Plaintiffs, on the other hand, assert that Wanetick's Supplemental Report was not provided in response to Defendant's motion to preclude his testimony under *Daubert*. DE 205 at 1. Plaintiffs' counsel acknowledges, in fact, that the Supplemental Report provides Wanetick's analysis for Speedfit's common law claims. Counsel states that

> Mr. Wanetick's Supplemental Report provides his damages analysis for Plaintiffs' common law claims. At the time Mr. Wanetick prepared his initial report, he did not have the requisite data to perform such an analysis to wit: sales or cost summaries from Speedfit, because there was no accounting of sales at the time of his report.

DE 205 at 1. Plaintiffs blame Defendant for the delay here. According to Plaintiffs, they "long ago requested Defendant's sales figures for Woodway's sale of the Speedboard" although they do not cite when the request was made or in what manner. *Id.* at 2. Plaintiffs take the position that their "request was ongoing and Defendant has a continuing obligation to supplement its responses." *Id*. After three years had passed and they did not get the information, Speedfit's counsel states that Plaintiffs "demanded Woodway supplement and produce its sales figures." *Id*

In the end, Plaintiffs contend that Wanetick's testimony concerning damages will assist the trier of fact in assessing Plaintiffs' losses. *Id.* at and 3. Counsel argues that the "Supplemental Report does not change or contradict anything in Mr. Wanetick's original report" and that Defendant's motion should be denied. *Id*.

## IV.     DISCUSSION

### A.     The Standard of Review

Both sides have relied on the factors set forth in *Sofitel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,* 118 F. 3d 955 (2d Cir. 1997) and *Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988) to support their respective arguments. Rule 26 of the Federal Rules of Civil Procedure states that "a party must make these [expert] disclosures at the times and in the sequence that the

Court orders." Fed. R. Civ. P. 2(a)(2)(D). The deadlines for sequencing expert discovery in this case were discussed multiple times with counsel and were set forth in Court orders.

To determine whether preclusion is an appropriate remedy, "the Court must consider the following factors: '(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Softel,* 118 F.3d at 961 (quoting *Outley*, 837 F.2d at 590-91).

This case is not the typical scenario where a court is asked to determine whether a supplemental expert report should be permitted when it is filed a few days or a few weeks late or is filed to correct information that was incorrect in an original expert report. "[Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect. . ." *Levinson v. Westport Nat'l Bank*, Nos. 3:09cv269, 3:09-cv-1955, 3:10cv261, 2013 WL 3280013, at *4-5 (D. Conn. June 27, 2013) (internal citations and quotation marks omitted); *Cedar Petrochem., Inc. v. Dongbu Hannong Chem. Co. Ltd.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (noting that "experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions") (internal quotation marks omitted). "If an expert's report 'does not rely [on] any information that was previously unknown or unavailable to him,' it is not an appropriate supplemental report under Rule 26." *Id.* at 278

(quoting *Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253, 2009 WL 4907201, at *5-6 (S.D.N.Y. Dec. 18, 2009) ("*Lidle I*").

B.  **Application to the Facts**

In the circumstances of this case, the Court finds that Plaintiffs are conflating the ability of a party's expert to update a previous damages calculation – based, for example, on additional sales of an infringing product in the period between the issuance of the expert report and the time of trial – with a party's expert asserting new theories of damages which were never conveyed to the adversary in the first instance during either the fact or expert discovery periods. As such, the instant motion does not dovetail perfectly with *Softel* and *Outley*. However, these two oft-cited decisions provide guidance for the Court in make an assessment of whether the Wanetick Supplemental Report should be precluded.

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part that "[I] a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Allen v. Dairy Farmers of America, Inc.*, No. 5:09-cv-230, 2014 WL 2040133, at *6 (D. Vt. May 16, 2014) (finding that the *Outley* factors justified granting defendant's motion to strike plaintiff's supplemental expert report). Defendant here argues that Wanetick's Supplemental Report proffers new damages opinions and theories for plaintiffs' state law claims, which were not previously disclosed. DE 203 at 2. According to the Defendant, the new opinions relate to Plaintiffs' breach of

9

contract, unjust enrichment, conversion, and constructive trust claims.[2] Plaintiffs never provided the Defendant with the underlying invoices and/or summary information on which Plaintiffs' expert Wanetick relies. *Id.* n.5 In fact, Defendant's counsel contends that Plaintiffs' expert appears "to be relying on 'historical sales summaries' of 'Speedfit's Sales of the Speedfit Curve (2015 – April 30, 2018)' and cost information that Plaintiffs ***never*** produced either in fact or expert discovery" (emphasis in original). *Id.* at 2.

Plaintiffs' opposition does not directly rebut these arguments. However, in a cursory fashion, Plaintiffs' counsel offers the following rationale for a purported lack of sales data vis-a-vis the fact and expert discovery deadlines:

> Clearly, any sales of the Speed fit Speed board were in the very beginning stages as of the date of Mr. Astilean's deposition and, therefore, no sales data was available until months after sales began. Nonetheless, based upon Mr. Astilean's deposition testimony, Defendant was well aware that sales by Speedfit were forthcoming and would be a component of damages. Nor can Defendant claim prejudice, since the Supplemental Report merely memorializes the age old definition of "profits" which is "The excess of revenues over expenditures in a business transaction." (Black's Law Dictionary, 7th ed.).

DE 205 at 2. Again, the issue here is not an update with respect to sales. That was a given. Rather, it is the assertion by Plaintiffs' expert of new damages theories relating to the Plaintiffs' state law claims being introduced at the eleventh hour.

Although the docket history of this case is lengthy, the Court finds that certain entries in the docket belie the position and somewhat spartan arguments which Plaintiffs have asserted here

---

[2] The conversion claim was dismissed on December 28, 2016 (*see* DE 143).

to avoid preclusion of Mr. Wanetick's Supplemental Report. Aside from the lengthy history of extensions (and warnings about no further extensions),[3] new pleadings, discovery motions, etc., the Court is compelled to take into account Plaintiffs' own representations in the record concerning deadlines for expert discovery as well as what was and was not part of the expert reports as agreed upon by counsel. Fact discovery deadlines were set and continuously extended. On February 19, 2015, this Court "reluctantly" granted a final extension for all fact depositions to April 24, 2015 [DE 89]. In a May 7, 2015 letter to Judge Matsumoto, Plaintiffs' counsel advised that the parties could not agree on a proposed expert witness schedule. Defendant's counsel proposed an expert discovery schedule which set August 28, 2015 as the deadline for exchange of expert reports and expert discovery, as well as expert depositions. *See* DE 104. For a variety of reasons, Plaintiffs' counsel objected to this proposed expert discovery schedule -- some involving other motion practice which was contemplated. Although plaintiffs objected to the proposed schedule, they did not provide any alternative proposal, but left it to the Court to make a determination. *See* DE 103. On May 15, 2015, Judge Matsumoto issued an electronic order and extended the deadline for expert discovery to September 28, 2015.

Of significance to the Court's consideration here are the parties' status reports filed to Judge Matsumoto on January 9, 2017 at her direction. Although Judge Matsumoto had directed counsel to provide a joint letter, the parties were unable to agree on the contents of a joint letter. In Woodway's letter, counsel made the following statement on page 2 under the heading "Status

---

[3] The record discloses that from the filing of the Complaint in March 2013 until one of many conferences - this one being held on October 24, 2014, some 19 months later – Plaintiffs purportedly had produced only five documents in discovery (although Plaintiffs dispute that number).

of Discovery and Dispositive Motions." DE 145 at 2. Directly thereafter, counsel stated: "**All discovery– fact and expert discovery – is *complete with respect to Plaintiffs' state law claims.*"** *Id*. (emphasis supplied). The letter went on to note that no discovery had been taken with respect to the allegations concerning correction of inventorship as to the Woodway patents. Woodway's counsel proposed a schedule for expert reports and depositions on that topic – all to be completed by May 12, 2017 – and further proposed that discovery should be reopened solely for that purpose. Counsel added that "no additional expert reports regarding any other issues should be permitted without leave of Court." *Id.* On the same day, Speedfit's counsel filed his letter advising Judge Matsumoto that Plaintiffs were looking to amend the TAC to add Dan Bostan as a plaintiff, along with the new claims for infringement of the '619 and '016 patents. *See* DE 146. The following statement of Plaintiffs' counsel is particularly noteworthy: "**All discovery – fact *and expert* discovery – is complete *with respect to Plaintiffs' state law claims.*"** *Id.* However, Plaintiffs' counsel went on to note that "limited discovery will be necessary to fully investigate Plaintiffs' claims to correct inventorship for the patents that issued after the close of fact discovery." *Id*. at 3. These statements make it clear that as far as counsel for both sides were concerned, all discovery with respect to the state law claims was completed at that point. The only thing left for discovery purposes was the limited discovery needed on the issue of Plaintiffs' pursuit to correct the inventorship of the patents. The Court finds that the parties are and should be bound by these representations.

A month after these submissions were made, on February 17, 2017, the parties filed a joint letter to Judge Matsumoto and this Court. That document notes that the parties were writing to present their "proposed briefing schedule for additional discovery as well as claim

construction and any dispositive motions, as required by the Order entered pursuant to the Status Conference of January 19, 2017." DE 152. Plaintiffs' counsel stated in his portion of the letter that Plaintiffs required information "relating to any sales by the Defendant of non-motorized treadmills with a curved running surface since the time that fact and expert discovery closed in April 2015." *Id*. Also included was plaintiffs' proposed schedule for the completion of the limited discovery approved, as well as claim constructions briefs, *Daubert* motions and summary judgment motions. *Id.* In Woodway's portion of the letter, counsel stated that the parties were in partial agreement about additional fact discovery. Specifically, Defendant's counsel stated that Woodway "does not oppose providing supplemental sales and cost information for its suite of curved, manual treadmills." *Id*. Counsel went on to note that Woodway "also does not oppose providing a bill of materials and related product design drawings for those curved, manual treadmill products that Woodway USA has introduced since the April 24, 2015 close of fact discovery, notwithstanding these products' public availability." *Id.* Defendant's counsel then proceeded to Woodway's proposed scheduled to complete the pre-trial phase of the case. *Id.*

This Court then saw the parties for a Status Conference on March 6, 2017. This conference was particularly important with respect to the issues raised in the present motion. The Court first noted that the Conference had been scheduled to address the limited discovery remaining in light of the Supplemental Complaint having been filed. *See* DE 154. The Court draws attention to the pertinent parts of the Civil Conference Minute Order from the March 6, 2017 Conference:

**UNITED STATES DISTRICT COURT**                                         **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**                            **MINUTE ORDER**

| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 3-6-2017 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | TIME: | 10:30 a.m. (55 minutes) |

*Speedfit LLC, et al. v. Woodway USA, Inc., et al.*, **CV 13-1276 (KAM) (AKT)**

TYPE OF CONFERENCE:         DISCOVERY STATUS CONFERENCE

APPEARANCES:     Plaintiffs:     John Vodopia

                        Defendants:     Kadie M. Jelenchick

FTR:    10:30-11:25

SCHEDULING:

      This case is set down for a Telephone Status Conference on June 13, 2017 at 11 a.m. Plaintiff's counsel is requested to initiate the call to Chambers with all parties on the line.

THE FOLLOWING RULINGS WERE MADE:

1. Today's conference was scheduled in response to the parties' joint letter to Judge Matsumoto and the undersigned setting forth each sides position with regard to discovery which still needs to be conducted in this action, particularly in light of the Supplemental Complaint filed by the plaintiffs. The parties differ as to the scope of that discovery.

                                    *   *   *

4. **Plaintiffs' counsel stated that the plaintiffs are not seeking to re-open discovery on the state law claims. However, counsel does want limited discovery for the new products.**

                                    *   *   *

9. Counsel brought up the issue of the existing expert reports which were served back in 2015. Certainly the parties are **entitled to supplement/update those reports on the issue of damages as to the products sold since the original expert reports were served. This is not an opportunity to amend any theory of damages based on updated sales information.**

DE 154 (emphasis supplied). This Order reflects the fact that as far into this case as March 6, 2017, Plaintiffs still maintained the position that they were not looking to re-open discovery with respect to the state law claims. Moreover, it was clear to both counsel and the Court that any update to the expert reports on the issue of damages was solely for the purpose of reflecting sales of products sold since the original expert reports were served. Likewise, it was made plain to Plaintiffs by the Court as the language demonstrates that this was not an opportunity to amend or add any new theory of damages with respect to the state law claims.

14

The first *Softel* factor (explanation for failure to comply with the Scheduling Orders) weighs in favor of preclusion. Plaintiffs' opposition does little to address this issue. From the Court's perspective, it appears that plaintiffs are not distinguishing between, as noted earlier, between and expert's entitlement to update a previous damages calculation based on additional sales made while the litigation proceeded and up to the time of trial. There is a sharp distinction between that right to update and the assertion of entirely new theories of damages which were never conveyed to the adversary in the first instance during either the fact or expert discovery periods. Plaintiffs' position is further belied by the representations/acknowledgments in the record that fact and expert discovery were complete in 2015 with respect to Plaintiffs' state law claims. Moreover, the assertion by Wanetick and Plaintiffs that the sales information was not available at the time of his original report is undermined by the Schedules accompanying the Supplemental Report which show sales and costs which predate the July 27, 2015 opening report. Plaintiffs have no viable explanation why this issue was not addressed by them until three years after the fact, other than to place the blame on Woodway. Plaintiffs had every opportunity to come back to the Court in 2015, or shortly thereafter, to request that discovery be re-opened in order to deal with this issue. They did not do so and they have presented no good cause explanation for their failure to act.

As to the second factor (importance of the expert testimony), the Court has no doubt that the Plaintiffs would like to bolster the earlier expert opinion so as to increase the damages claim. Significantly, the Plaintiffs do not explain any likely impact on their case if the Supplemental Report is excluded. *See Allen*, 2014 WL 2040133, at *7. In light of the fact that the Plaintiffs are not going to be precluded from using any portion of the Supplemental Report which deals

with an update of their previous damages calculation based on additional sales made while the litigation has proceeded, is not as if the Plaintiffs are being deprived of an opportunity to present expert testimony as to their damages and the manner in which such damages were calculated. The weight of the second factor is therefore evenly split between the parties.

With respect to the third factor (prejudice to the defendant). This litigation has gone on for nearly six years. Tremendous time and resources have been expended by both sides, particularly with respect to extensive and ongoing motion practice. The *Markman* hearing has been completed and a decision rendered by the Court; summary judgment has been completed and a decision rendered; fact discovery was long ago completed with respect to the areas impacted by this motion; multiple settlement conferences were conducted; *Daubert* motions have been filed. It is time for this case to move forward to completion within a reasonable time. The Court finds that the Defendant would be significantly prejudiced by opening this matter up to further discovery, depositions and motion practice. The Plaintiffs were in a position to deal with the current issues several years ago and were certainly able to move for relief before the Court at that time, as they had done in so many instances. They took no action and should not be rewarded at this juncture for the lack of diligence.

As to a continuance, the Court finds that a continuance is not reasonable in the circumstances. Given the numerous extensions of the discovery deadlines, the further delay of this nearly six-year-old case is neither deserved not warranted and the additional costs such delay would impose are not reasonable. In summary, balancing the *Softel* factors weighs in favor of granting the Defendant's motion to preclude.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS, in part, Defendant's motion to preclude Plaintiffs' use of and reliance on opinions from the Wanetick Supplemental Report to the extent those opinions relate to new theories of damages concerning the Plaintiffs' state law claims. However, to the extent the Supplemental Report deals with an update of Plaintiffs' previous damages calculation based on additional sales made while the litigation has proceeded, plaintiffs are free to utilize that information going forward.

**SO ORDERED.**

Dated: Central Islip, New York
March 28, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge