UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
SPEEDFIT LLC and AUREL A.
ASTILEAN,

      *Plaintiffs*,

   -against-

WOODWAY USA, INC.,

      *Defendant*.
---------------------------------X

**MEMORANDUM & ORDER**
13-CV-1276 (KAM)(AKT)

**MATSUMOTO, United States District Judge:**

      Plaintiffs Speedfit LLC ("Speedfit") and Aurel A.
Astilean ("Astilean") (collectively, "plaintiffs") commenced the
instant action against Woodway USA, Inc. ("Woodway" or
"defendant"), alleging that Woodway wrongfully infringed upon
United States Patent No. 8,308,619 (the "'619 Patent") and
United States Patent No. 8,343,016 (the "'016 Patent" and
together with the '619 Patent, the "Patents-in-suit"), both of
which are owned by Speedfit and relate to a curved, non-
motorized treadmill involving a closed-loop treadmill belt
designed to maintain a concave running surface and taut lower
portion. (ECF No. 150, Supplemental Complaint ("Supp. Compl.")
¶¶ 18-21.)

      Before the court are defendant's motions *in limine*,
served October 4, 2019, to preclude fifteen categories of
evidence from the parties' impending trial. (ECF No. 290,

Def.'s Memorandum of Law in Support of its Motions *in Limine*, ("Mot.").)  Plaintiffs served their opposition on October 18, 2019, contesting the majority of defendant's motions *in limine*, (ECF No. 293, Memorandum of Law in Opposition to Defendant's Motion *in Limine* ("Opp.")), and defendant served its reply on November 1, 2019.  (ECF No. 297, Defendant's Reply Memorandum of Law ("Reply").

In an earlier order, the court issued a Memorandum and Order granting in part, and denying in part, the parties' cross-motions for summary judgment.  (ECF No. 314, Memorandum & Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment in its Entirety ("Sum. J. Order").)  In pertinent part, the Summary Judgment Order granted defendant's motion for summary judgment as to the Supplemental Complaint's claims for patent infringement, breach of contract, and constructive trust, and dismissed those causes of action accordingly.  (*Id.*)  The court, however, determined that genuine disputes of material fact existed with respect to plaintiffs' unjust enrichment claim, and denied both parties' motions for summary judgment on unjust enrichment.  (*Id.* 65-72.)  Thus, the court will deem moot any motions *in limine* that seek to preclude evidence that is relevant solely with respect to dismissed claims, *i.e.* patent infringement, breach of contract, and constructive trust.

Consequently, the court will consider each motion *in limine* in turn, and clarify whether the motion is granted, denied, or considered moot.

**BACKGROUND**

Plaintiff Speedfit, founded by plaintiff Astilean and co-inventor Dan Bostan, who is not joined in this action, is a New York-based company that develops fitness programs and equipment. (Supp. Compl. ¶¶ 8-9.) Defendant Woodway is a Wisconsin-based corporation that designs, manufactures, and sells fitness and exercise products, including non-motorized treadmills with a curved running surface. (*Id.* ¶ 10.)

Familiarity with the factual and procedural history of this matter is assumed, as set forth comprehensively in this court's prior orders concerning this litigation. *See Speedfit LLC, et. al. v. Woodway USA, Inc.*, 53 F. Supp. 3d 561 (E.D.N.Y. 2014) (denying Woodway's motion to dismiss and motion to transfer); *Speedfit LLC, et. al. v. Woodway USA, Inc.*, No. 13-CV-1276, 2015 WL 6143697 (E.D.N.Y. Oct. 19, 2015) (granting leave to file a Third Amended Complaint); *Speedfit LLC, et. al. v. Woodway USA, Inc.*, 226 F. Supp. 3d 149 (E.D.N.Y. 2016) (granting in part and denying in part Woodway's motion to dismiss Third Amended Complaint); *Speedfit LLC, et. al. v. Woodway USA, Inc.*, No. 13-CV-1276, 2017 WL 5633113 (E.D.N.Y. Nov. 20, 2017) (construing claim term "means for slackening");

3

*Speedfit LLC, et. al. v. Woodway USA, Inc.*, No. 13-CV-1276, ECF No. 314 (E.D.N.Y. Jan. 9, 2020) (granting and denying in part defendant's motion for summary judgment and denying plaintiffs' cross-motion for summary judgment in its entirety).

As noted above, the Summary Judgment Order dismissed plaintiffs' claims, with the exception of plaintiffs' claim for unjust enrichment arising under New York State law. The court determined that the Patents-in-suit were rendered invalid by prior art, vitiating plaintiffs' claim for patent infringement. (Sum. J. Order 27-41.) Consequently, the court granted defendant's motion for summary judgment with respect to plaintiffs' patent infringement claim, which, naturally, also mandated a denial of plaintiffs' motion seeking summary judgment as to patent infringement. (*Id.* 51.)

The court also granted defendant's motion for summary judgment on two of plaintiffs' state law claims. Plaintiffs' breach of contract claim was deemed waived and abandoned based on plaintiffs' admission that the purportedly written confidentiality agreements did not exist, and the court further found that any asserted oral agreement necessarily failed for indefiniteness. (*Id.* 59-65.) Defendant's motion was granted on plaintiffs' claim for constructive trust under New York state law, based on the lack of evidence of the requisite relationship

between plaintiffs and defendant that could have sustained the constructive trust claim and remedy. (*Id.* 72-77.)

The court denied both parties' motions for summary judgment with respect to the Supplemental Complaint's unjust enrichment claim. The court first rejected defendant's contention that the Statute of Frauds' one year rule, *see* N.Y. Gen. Oblig. Law § 5-701(a)(1), mandated dismissal of plaintiffs' unjust enrichment claim. (*Id.* 65-69.) The court found that plaintiffs' unjust enrichment claim did not circumvent the Statute of Frauds because plaintiffs never had an oral or written contract with defendant in the first place, and therefore, the Statute of Frauds was inapplicable *ab initio*. (*Id.*) The court denied plaintiffs' motion for summary judgment as to unjust enrichment liability because the record raised genuine issues of triable fact and a jury could reasonably find that Woodway was able to develop and market the accused curved, non-motorized treadmills without plaintiffs' contribution. (*Id.* 69-72.) Plaintiffs' motion for unjust enrichment damages was consequently denied without prejudice as premature. (*Id.* 72.)

The court has construed plaintiffs' theory of unjust enrichment as follows: Astilean and Speedfit disclosed a wooden prototype of a curved, non-motorized treadmill ("Wooden Prototype") to Woodway's CEO Doug Bayerlein in 2008; Bayerlein and his team at Woodway then relied on Astilean's input and

know-how to develop the Speedboard 2; the Speedboard 2
ultimately became the Curve, part of the Woodway Legacy
Treadmill product line; the Curve and other Woodway Legacy
Treadmills, which were developed, at least in part, using
Astilean's contribution of time, technical knowledge, and
effort, were sold in the market and resulted in profits for
Woodway; Astilean and Speedfit, however, did not receive any
portion of these profits.

Ultimately, what remains of the case boils down to
whether Woodway was enriched at plaintiffs' expense, a question
of fact that turns principally on how much weight a jury assigns
to Astilean and Speedfit's contribution, if any, to the
Speedboard 2/Curve model that was introduced at the IHRSA trade
show in 2009; whether that contribution, if any, benefitted
plaintiffs; and whether, and to what extent, it would be unjust
for defendant to retain any benefit conferred by plaintiffs'
contribution.  A jury may determine that Astilean made a
substantial contribution to defendant's development of the
Woodway Legacy Treadmills, and that equity entitles plaintiffs
to some share of those profits.  On the other hand, a jury could
reasonably infer that Astilean's contribution to the Speedboard
2/Curve was negligible or non-existent, and that Woodway's
engineers overcame the critical design hurdle, thus giving the
treadmill its value as a marketable product.  Under the latter

view, equity would not require divesting Woodway of any portion of its profits for the Legacy Treadmills.

With this framework for the parties' anticipated trial in place, the court proceeds to consider defendant's motions *in limine*.

## DISCUSSION

## I. Legal Standard

### A. Standard on a Motion *in Limine*

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *EEOC v. United Health Programs of Am., Inc.*, No. 14-CV-3673 (KAM)(JO), 2017 WL 10088567, at *1 (E.D.N.Y. Sept. 4, 2017) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, a district court's ruling on a motion in limine is preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

**B.    Relevant Evidence**

Federal Rule of Evidence 402 provides that all relevant evidence is admissible except as otherwise provided by the Constitution, by Act of Congress, or by applicable rule. Fed. R. Evid. 402.  Federal Rule of Evidence 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence," so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401.  The Second Circuit has characterized the relevance threshold as "very low."  *See United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012)(quoting *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008)).  To be relevant, evidence need not prove a fact in issue by itself, but need only have "'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  *McKoy v. North Carolina*, 494 U.S. 433, 440 (1990)(quoting *New Jersey v. T.L.O.*, 469 U.S. 325, 345 (1985)).

**C.    Federal Rule of Evidence 403**

Under Federal Rule of Evidence 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Fed. R. Evid. 403. "District courts have broad discretion to balance probative value against possible prejudice." *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008). "Evidence cannot be excluded under Fed. R. Evid. 403 on the basis that, due to its relevance, such evidence has a negative impact on a party's litigation position." *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No. 09-cv-3255, 2012 WL 2568972, at *11 (S.D.N.Y. July 3, 2012)(citing *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990)).

## II. Defendant's Motions *in Limine*

### A.    Motion *in Limine* 1

Defendant moves to preclude evidence of Speedfit's sales and profit margins to support their unjust enrichment claim. (Mot. 1.) Plaintiffs ask the court to permit them to present evidence of Speedfit's margins, presumably in aid of their unjust enrichment claim. (Opp. 7.)

As an initial matter, Defendant notes the paucity of Speedfit's sales information in the record. (Mot. 1.) During discovery, defendant sought records concerning Speedfit's alleged sales, cost, or profit information relating to the Speedboard. (*See, e.g.*, ECF No. 291-4, Declaration of Kadie M. Jelenchick ("Jelenchick Decl."), Ex. D (Woodway's First Requests for Production).) Defendant claims that plaintiffs produced no responsive records before the close of fact discovery. (Mot.

1.)  Further, Astilean testified in his March 2015 deposition
that Speedfit was not selling the Speedboard or any curved, non-
motorized treadmills, (ECF No. 291-1, Jelenchick Decl., Ex. A
(Astilean Tr.), 84:10-85:8), and plaintiffs indicated in
discovery responses throughout 2015 that they had yet to
manufacture for sale any curved, non-motorized treadmills.  (*See*
ECF No. 291-2, 291-3, Jelenchick Decl., Exs. B (Pls.' Answers to
Def.'s First Set of Int.), C (Pls.' Supp. Answers to Def.'s
First Set of Int.).)

Plaintiffs do not dispute their failure to produce
evidence of Speedfit's sales during fact discovery, but refer
the court to the Supplemental Report of their damages expert,
David Wanetick, dated July 13, 2018.  (ECF No. 203-1, Wanetick
Supp.)  The Wanetick Supplement explains that in Wanetick's
prior report, which did not present a theory of unjust
enrichment damages based on Speedfit's lost profits and margins,
(*see generally* ECF No. 218-1, Wanetick Rept.), he had not
received sales or cost summaries from Speedfit.  (Wanetick Supp.
1.)  Wanetick stated that he had "now received and reviewed
production and sales figures of Speedfit which are derived from
the purchase and sales of Speedfit during the pendency of the
lawsuit . . . ."  (*Id.*)  This information, Wanetick explained,
"provide[d] a much more vivid picture of the damages Speedfit
incurred as a result of Woodway's breach of contract, unjust

enrichment, conversion and constructive trust" claims. (*Id.*)
Schedule 2 of the Wanetick Supplement purported to be a chart of
"Speedfit's Sales of the Speedfit Curve (2015 – April 30,
2018)." (*Id.* 5-8.)

In a Decision and Order, dated March 28, 2019,
Magistrate Judge Tomlinson precluded plaintiffs' use of and
reliance on the Wanetick Supplement insofar as it concerned "new
theories of damages concerning the Plaintiffs' state law
claims." (ECF No. 239, Wanetick Supp. Order, 17.)[1]  In Judge
Tomlinson's thorough review of the case's procedural history,
she noted that expert and fact discovery had closed in April
2015, that plaintiffs had acknowledged the end date for
discovery, and that plaintiffs had limited their request for
additional discovery to seeking Woodway's additional sales
information since the time that fact and expert discovery had
closed. (*Id.* 9-14.)  Judge Tomlinson's examination of the
docket led her to conclude that even though updates to the
expert reports on damages issues were permissible "solely for
the purpose of reflecting sales of products sold since the
original expert reports were served," it was also "made plain to
Plaintiffs by the Court . . . that this was not an opportunity

---

[1]     Judge Tomlinson did not preclude testimony based on the Wanetick
Supplement that merely updated plaintiffs' previous damages theories with
calculations based on additional sales during the pendency of the litigation.
(*Id.*)

to amend or add any new theory of damages with respect to the state law claims." (*Id.* 14-15.) To the extent plaintiffs ask the court to ignore, modify, or alter Judge Tomlinson's order, that request is untimely and, in any event, is denied on the merits.

In addition, plaintiffs' revised initial disclosures, served October 3, 2019,[2] have identified Mark Verstegen as having "Speedfit financial information relating to Speedfit's sales." (ECF No. 291-5, Jelenchick Decl., Ex. E, 10.) This disclosure, however, was made over four years after the close of fact discovery in April 2015. Pursuant to Rule 26(e), a party is obligated to timely supplement or correct its initial Rule 26 disclosures, and its responses to interrogatories and document demands, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

The tardy disclosure of Verstegen warrants preclusion of his testimony at trial under Rule 37 of the Federal Rules of Civil Procedure. Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at

---

[2] The certificate of service appended to plaintiff's revised initial disclosures states the disclosures were served on October 3, 2017, but this appears to be an error. Elsewhere, the document is dated 2019.

trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (quoting *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012)).

An omission or delay in disclosure is harmless where there is "an absence of prejudice" to the offended party. *Id.* "In determining whether to exercise its discretion to preclude evidence under Rule 37, courts examine (1) the party's explanation for the failure to comply with the discovery rules; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to address the new evidence; and (4) the possibility of a continuance." *Id.; see also Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006) (citing *Softel, Inc. v. Dragon Med. & Scientific Comm'ns, Inc.,* 118 F.3d 955, 961 (2d Cir. 1997)); *Gotlin v. Lederman,* No. 04-CV-3736 (ILG)(RLM), 2009 WL 2843380, at *3 (E.D.N.Y. Sept. 1, 2009). Here, plaintiff has provided absolutely no explanation for its delinquent disclosure

of Verstegen as a potential witness, and allowing Verstegen to testify at trial, without an opportunity for defendant to depose him, would be highly prejudicial.

More fundamentally, information concerning Speedfit's sales and profit margin, whether based on the testimony of Wanetick, Verstegen, or Astilean himself, is irrelevant to plaintiffs' claim for unjust enrichment. "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir. 2000) (internal quotation marks and citation omitted). "Because the doctrine of unjust enrichment is grounded in restitution, the measure of damages for an unjust enrichment claim is based on the amount of benefit retained by the defendant, rather than by a plaintiff's loss." *Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 809–10 (S.D.N.Y. 2012); *see also* 3 D. Dobbs, Law of Remedies § 12.1(1), at 9 ("Restitutionary recoveries are based on the defendant's gain, not on the plaintiff's loss."); *Giordano v. Thomson,* 564 F.3d 163, 170 (2d Cir. 2009) ("Recovery on such a claim [of unjust enrichment] is limited to the reasonable value of the services rendered by the plaintiff.") (citations and internal quotation marks omitted).

Plaintiffs state that "[f]or the real profit margin and calculation of unjust enrichment to Woodway, Plaintiffs will use EBITDA and Alex[ Astilean]'s testimony of what his cost of goods is based upon his own sale of the Speedfit Speedboard." (Opp. 10.)  Plaintiffs intend to then "ask the jury to apply [Speedfit's] margin or profit to Woodway's gross sales and ask for a money judgment in this amount."  (*Id.*)  But plaintiffs do not articulate in the least how Speedfit's profits are relevant to Woodway's profits, or to damages for unjust enrichment generally.  Nor do plaintiffs provide any authority for their proposed methodology of calculating unjust enrichment damages, or name any expert witness competent to advocate such method. Plaintiffs have also not provided any framework to compare Speedfit's Speedboard with Woodway's Legacy Treadmills, or otherwise demonstrate what application Speedfit's alleged profits could possibly have to Woodway's profits, given the different operating capacities and circumstances of both companies.  (*See* Reply 3.)  The court also notes the significant risk, assuming a finding of liability, that the jury could conflate Speedfit's sales and profits with gains accrued by Woodway, and erroneously use the resulting figures as a measure for unjust enrichment damages.  Under these circumstances, the danger of unfair prejudice to defendant substantially outweighs whatever probative value evidence of Speedfit's sales and

margins might have.  Preclusion under FRE 403 is therefore
warranted.

Defendant's first motion *in limine* is GRANTED.

**B.    Motion *in Limine* 2**

Defendant seeks to preclude Astilean from testifying
regarding patent infringement and damages.  (Mot. 4-6.)  As
discussed above, the court granted defendant's motion for
summary judgment with respect to plaintiffs' claim for patent
infringement and dismissed that cause of action.  Accordingly,
this motion is MOOT insofar as it concerns patent infringement.

With respect to damages, defendant argues that damages
are routinely handled by expert witnesses, and that Astilean has
only been disclosed as a lay witness.  (Mot. 4.)  Plaintiffs
concede that their unjust enrichment theory of damages does not
require Astilean to testify to Woodway's sales, (Opp. 11), and
to the extent plaintiffs plan to have Astilean testify to
Speedfit's sales, such testimony is precluded by the grant of
defendant's first motion *in limine*.

Defendant's second motion *in limine*, to the extent not
MOOT, is GRANTED.

**C.    Motion *in Limine* 3**

Defendant moves to preclude plaintiffs from either
seeking testimony or introducing evidence relating to Woodway's
total sales and profits.  On September 24, 2019, plaintiffs sent

defendant a letter requesting data on Woodway's total revenue from 2009 to the present. (Mot. 6-9.) According to defendant, plaintiffs are seeking to substantiate "an unidentified D&B [Dunn & Bradstreet] report relating to Woodway's overall revenue." (*Id.* 6.) Defendant notes that Woodway manufactures and sells a range of products, not just the curved, non-motorized treadmills at issue in this case, and that presenting evidence of Woodway's total sales could lead a jury to determine plaintiffs are entitled to some portion of Woodway's total revenue without proper allocation for the accused products. (*Id.*) Plaintiffs respond that Woodway's total sales are relevant to their constructive trust damages argument, in which plaintiffs seek entitlement to an equity stake in Woodway. (Opp. 4.)

Plaintiffs' constructive trust claim was dismissed on summary judgment, and therefore, defendant's third motion *in limine* is MOOT as it relates to imposition of a constructive trust. The court otherwise DENIES defendant's motion. The court will not preclude plaintiffs from presenting evidence of Woodway's sales, provided the sales evidence only includes data relating to the curved, non-motorized treadmills. Instead, the court will instruct the jury to disregard any sales information that does not relate to Woodway's profits and gains relating to the curved, non-motorized treadmills at issue. If plaintiffs

present evidence of Woodway's sales at trial, plaintiff shall endeavor to clarify for the jury the connection between the proffered sales information and the accused products. Defendant, of course, may cross-examine plaintiffs' witnesses, and present the testimony of its own witnesses, in order to facilitate the jury's ability to disregard Woodway sales information that is not derived from the relevant products.

### D.    Motion *in Limine* 4

Defendant moves to preclude plaintiffs from presenting aggregations of Woodway's sales information that are derived from plaintiffs' miscalculations.  (Mot. 9-10.)  For example, plaintiffs' unjust enrichment demand of $71,568,217, appears based on a document that was originally produced by plaintiffs as Schedule 1 of the Wanetick Supplement, (Wanetick Supp. 3-4), and recently submitted, with revised sales figures, as Exhibit PL31 in connection with plaintiff's summary judgment motion. (ECF No. 268-42, Declaration of John Vodopia in Support of Plaintiffs' Motion for Summary Judgment ("Vodopia Decl."), Ex. PL31.)  Page one of Exhibit PL31 displays a figure of $43,607,551, corresponding to purported infringement damages for "2008-April 30, 2018;" page two displays a figure of $27,960,666, corresponding to "FY 2015-2019."  (*Id.*; *see* ECF No. 283, Joint Local Rule 56.1 Statement of Facts, Woodway Statement of Fact ("WW SOF"), ¶ 124 (unrebutted).)  Plaintiffs' unjust

enrichment demand equals the sum of these two figures.
Defendant asserts that this is an error which double counts
damages for the years 2015-2018, and thus risks presenting an
inflated damages sum to the jury.  (Mot. 9.)  Plaintiffs'
response is limited to a single footnote in their opposition.
According to plaintiffs, defendant's motion is designed to
preclude plaintiffs' *interpretation* of the evidence, an improper
basis for a motion *in limine*, and that plaintiffs'
interpretation may be properly challenged by cross-examination
and rebuttal evidence.  (Opp. 9 n.6.)

Plaintiffs' wholesale failure to address the potential
calculation errors raised by defendant give the court pause.
Defendant's motion, however, raises a conflict in the evidence
regarding the calculation issue, and the court is inclined not
to preclude evidence of plaintiffs' asserted damages for unjust
enrichment, at least at this juncture.  The court is confident
that a jury can readily discern the potential errors defendants
have highlighted and weigh the credibility of defendant's
evidence and testimony against plaintiffs' evidence and
testimony.

The defendant's motion does not point the court to any
facially invalid evidence on which plaintiffs' damages
calculations rely, but rather, appears to question plaintiffs'
interpretation of that evidence.  Accordingly, the court DENIES

defendant's fourth motion *in limine*.  The court encourages
plaintiffs to carefully scrutinize the propriety of their
damages calculations before trial.[3]

Defendant's fourth motion *in limine* is DENIED.

**E.    Motion *in Limine* 5**

Defendant moves to preclude plaintiffs from making *ad
hominem* attacks at trial.  Plaintiffs have characterized
Woodway's actions in this case as "theft," "fraud," a "blatant
fabrication to the U.S. Patent Office," and has described
Woodway's personnel as a "band of thieves."  (Mot. 10 (citing
ECF No. 268-1, Pls.' Mot. Sum. J., 13, 15-17; ECF No. 278, Pls.'
Sum. J. Reply, 3).)  Plaintiffs' response, in the main, is to
insist that defendant fraudulently omitted to the Patent Office
that Astilean was the "actual inventor" of the curved, non-
motorized treadmill when Woodway filed its patent, and
therefore, plaintiffs' labels and characterizations are
justified.  (Opp. 14-15.)  As an initial matter, Woodway's
patents are not at issue in this litigation.  (ECF No. 152, Jt.
Ltr., 2 ("Plaintiff Speedfit filed a separate lawsuit in this
District to correct [] inventorship as to a subset of Woodway
USA's patents.").)  The court is also unaware of any enforcement
actions or investigations of any kind by the Patent and

---

[3]    Nothing in the foregoing should be construed as authorizing additional
submissions or discovery.

Trademark Office based on allegations that defendant committed a fraud before the Patent Office.  In any event, plaintiffs' arguments are wholly conclusory, and attempt to transform a *bona fide* dispute about whether Astilean's treadmill design constituted prior art by levying bald assertions of fraudulent intent.  This attempt is unsupported by evidence and unavailing for that reason alone.

Moreover, neither fraud nor theft is an element of plaintiffs' sole surviving unjust enrichment claim.  Aspersions of fraudulent conduct or theft are not potentially probative of any fact of consequence at trial.  "[C]ourts often prohibit the use of certain 'pejorative terms when such categorizations were inflammatory and unnecessary to prove a claim' and such statements 'do not bear on the issues being tried.'"  *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 570 (S.D.N.Y. 2017) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, No. 04-CV-10014, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009)).  So too here.  This action does not sound in or allege fraud, and the use of labels suggesting otherwise is irrelevant and carries a risk of unfair prejudice to defendant that substantially outweighs the probative value, if any, of the *ad hominem* remarks.  *See* Fed. R. Evid. 403.

Plaintiffs' fifth motion *in limine* is GRANTED.

**F.    Motion *in Limine* 6**

Defendant moves to preclude plaintiffs from arguing they are entitled to punitive damages.  (Mot. 11-13.)  New York law sets forth a four-prong test to state a claim for punitive damages: "(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in [*Walker v. Sheldon,* 10 N.Y.2d 401 (1961)];[4] (3) the egregious conduct must be directed to [the] plaintiff; and (4) it must be part of a pattern directed at the public generally . . . ."  *New York Univ. v. Cont'l Ins. Co.,* 87 N.Y.2d 308, 316 (1995); *accord TVT Records v. Island Def Jam Music Grp.,* 412 F.3d 82, 94 (2d Cir. 2005) ("This rule has not been changed by the Court of Appeals, and we have no reason to question its continued vitality.").  "New York courts have struck punitive damages claims based on quasi-contract claims because those claims do not constitute independent torts." *Legurnic v. Ciccone*, 63 F. Supp. 3d 241, 250 (E.D.N.Y. 2014) (collecting cases) (internal quotation marks omitted).

Plaintiffs' Supplemental Complaint did not plead the existence of a separate actionable tort, and their opposition memorandum of law still fails to identify any such tort.

---

[4]    In *Walker*, the New York Court of Appeals held "there may be a recovery of exemplary damages in fraud and deceit actions where the fraud, aimed at the public generally, is gross and involves high moral culpability."  10 N.Y.2d at 405.

Plaintiffs' omission precludes punitive damages.  Reading plaintiffs' opposition charitably, plaintiffs vaguely allude to a tort by claiming that defendant and defendant's counsel "committed fraud and morally culpable conduct when they breached their obligations under 37 C.F.R. § 1.56 . . . ."  (Opp. 18.) Leaving aside plaintiffs' conclusory labels, this regulation imposes on patent applicants a duty of candor and good faith in dealing with the Patent Office, which includes a duty to disclose information material to the patentability of any claim. 37 C.F.R. § 1.56(a).  Plaintiffs claim defendant ran afoul of this regulation by failing to notify the Patent Office of Astilean's purported prior art.  (*See* Opp. 18.)

First, it must be reiterated that Woodway's patents and dealings with the Patent Office are not at issue in this case.  Second, plaintiffs have neither asserted nor cited any principle of law that supports a private right of action or tort liability for violations of 37 C.F.R. § 1.56(a).  Third, plaintiffs' bald assertions of fraud and "morally culpable conduct" are not evidence of a tort.  In sum, plaintiffs' arguments are unavailing, and under New York law, plaintiffs cannot be awarded punitive damages on their unjust enrichment claim.  As a result, references to punitive damages are not relevant at trial, and could imply fraudulent or tortious

conduct, which would be prejudicial to defendant and risk confusing the jury.  Fed. R. Evid. 401, 403.

Defendant's sixth motion *in limine* is GRANTED.

**G.    Motion *in Limine* 7**

Defendant moves to preclude evidence relating to any alleged patent damages before June 1, 2015.  (Mot. 13.) Plaintiffs do not oppose, and the court grants the motion, however, the court's dismissal of plaintiffs' patent infringement claim renders defendant's seventh motion *in limine* MOOT.

**H.    Motion *in Limine* 8**

Defendant moves to preclude arguments and testimony that the Patent Office made a priority determination with respect to the Patents-in-suit.  (Mot. 13-15.)  The court rejected plaintiffs' argument that the Patent Office implicitly determined the Patents-in-suit were entitled to the filing date of the '265 Provisional Application by granting the patents themselves.  (Sum. J. Order 42-44.)  Regardless, the dismissal of plaintiffs' patent infringement claim likewise renders defendant's eighth motion *in limine* MOOT.

**I.    Motion *in Limine* 9**

Defendant moves to preclude evidence relating to the doctrine of equivalents theory that might be used to support plaintiffs' infringement claim.  (Mot. 15-17.)  As with the

other motions concerning evidence that solely relates to dismissed claims, defendant's ninth motion *in limine* is deemed MOOT.

### J.    Motion *in Limine* 10

Defendant moves to preclude plaintiff from arguing or introducing evidence relating to an unpled claim for trade secret misappropriation.[5] (Mot. 17-19.) On September 4, 2019, plaintiffs' counsel sent an email to counsel for defendant advising of their intention to make a motion pursuant to Federal Rule of Civil Procedure 15 to add a claim for misappropriation of trade secrets. (ECF No. 291-13, Jelenchick Decl., Ex. M.) Defendant asserts that this theory is not supported by the pleadings or discovery, and that raising a claim for misappropriation of trade secrets at this late stage would be unfairly prejudicial to defendant. (Mot. 18.) Plaintiffs acknowledge their intention to make a Rule 15 motion during or after trial to assert "a claim of misappropriation of trade secrets, fraud and any other claim that may derive from the proof . . . ." (Opp. 19.)[6]

---

[5]    Defendant also moves to preclude plaintiffs from arguing that their breach of contract claim is based on an implied-in-fact contract. (Mot. 17.) Since the breach of contract claim has been dismissed, this aspect of the motion is granted as moot.

[6]    Under New York law, to state a claim for misappropriate of a trade secret, plaintiffs must plead "(1) [they] possessed a trade secret, and (2) defendant is using that trade secret in breach of an agreement, confidence, or duty, or as a result of discovery by improper means." *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 171 (E.D.N.Y. 2018)

Federal Rule of Civil Procedure 15(b)(1) provides:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Fed. R. Civ. P. 15(b)(1). "In opposing a Rule 15(b) amendment, 'a party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory. Instead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case." *See Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 569 (2d Cir. 2000) (quoting *N.Y. State Elec. & Gas Corp. v. Sec. of Labor,* 88 F.3d 98, 104 (2d Cir. 1996)); *see also* 6A Charles Alan Wright & Arthur R. Miller el al., Federal Practice and Procedure § 1495 (3d ed. updated 2014) ("To justify the exclusion of the evidence, the rule contemplates that the objecting party must be put to some serious disadvantage; it is not enough that the party advances an imagined grievance or seeks to protect some tactical advantage.").

Plaintiffs are correct that a motion *in limine* may not vitiate their right to move for an amendment pursuant to Rule

---

(quoting *Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990)). The court will not comment on the viability of this cause of action based on the record.

15(b)(1) to conform to the evidence presented at trial, subject,

of course, to Rule 11 of the Federal Rules of Civil Procedure.

The cases defendant cites as authority for a contrary outcome

are distinguishable or inapposite or both.[7]  (*See* Mot. 18.)

Plaintiffs are reminded, however, that absent the court granting

a motion to amend, the court will preclude at trial any evidence

that is relevant only with respect to unpled claims or defenses.

In addition, defendant is concerned that plaintiffs' revised

initial disclosures, served October 22, 2019, identified twelve

additional potential witnesses that may be offered for "any

other claim that may derive from the proof."  (Reply 9 (citing

Opp. 19); *see also* ECF No. 298-1, Jelenchick Supp. Decl., Ex. Q

(Plaintiffs' Revised Initial Disclosures).)  Plaintiffs should

---

[7]     For example, in *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, the court granted plaintiff's motion *in limine* precluding defendant's motion to amend their answer to the complaint, but the court only arrived at that result after finding the amendment was futile.  *See* No. 95 C 0673, 1996 WL 680243, at *3-6 (N.D. Ill. Nov. 21, 1996).  Woodway has not argued or demonstrated that a claim for trade secret misappropriation would be futile. In *Powell v. Storz Opthalmics, Inc.*, the court granted summary judgment for defendant and dismissed plaintiff's infringement claim based on a theory of literal infringement.  No. 93-1204-CIV-T-21C, 1995 WL 420822, at *5 (M.D. Fla. June 6, 1994), *aff'd sub nom. Powell v. Storz Ophthalmics, Inc.*, 53 F.3d 347 (Fed. Cir. 1995).  In so doing, the court declined to consider evidence submitted by plaintiff that was potentially relevant to a doctrine of equivalents theory of infringement, but not literal infringement, because plaintiff had stated in discovery responses that he was only asserting literal infringement, and never supplemented his responses until after defendant filed its summary judgment motion.  *Id.* at *4-5.  *Powell* did not concern a motion *in limine* or motion to amend pursuant to Rule 15(b)(1), and nothing the court said could be construed to suggest plaintiff was precluded from amending his pleading to assert a new cause of action based on the evidence on record.  Nor do the other authorities cited by defendant reach such a conclusion.

be aware that, even if the court grants an amendment pursuant to Rule 15(b)(1), the court cannot fathom any circumstance that would warrant additional discovery or the late introduction of witnesses or evidence. In light of the advanced stage of the proceedings, including the close of discovery four years ago, and the resolution of the parties' *Daubert*, *Markman*, summary judgment motions, and these motions *in limine*, plaintiffs almost certainly will not be able to demonstrate "good cause" to reopen discovery pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.

Defendant's tenth motion *in limine* is GRANTED, but shall not be construed as precluding plaintiffs from seeking leave to amend the Supplemental Complaint pursuant to Rule 15(b)(1) of the Federal Rules of Civil Procedure.

### K.   Motion *in Limine* 11

Defendant moves to preclude testimony or evidence regarding subsequent remedial measures, specifically, "evidence or argument that Woodway's decision to remove the 'means for slackening' or synchronizing system from the Legacy Manual Treadmills is evidence that Woodway has conceded infringement or that its conduct supports a willfulness finding." (Mot. 19.) Plaintiffs agree not to present such evidence for the purpose of showing that changes to the Legacy Treadmills reflects an

attempt by defendant to "avoid a finding of intentional infringement . . . ."  (Opp. 24.)

Since this motion appears to be related exclusively to plaintiffs' dismissed patent infringement claim, it is MOOT.  To the extent plaintiffs intend to introduce evidence of subsequent remedial measures to prove their unjust enrichment claim, the court reserves decision and will evaluate the admissibility of such evidence, including under Federal Rule of Evidence 407, at trial.

### L.    Motion *in Limine* 12

Defendant moves to preclude evidence or testimony that plaintiffs may offer relating to the parties' parallel litigation in this district, *Speedfit LLC v. Woodway USA, Inc.*, No. 2:17-cv-00768 ("*Speedfit II*").  In that case, Speedfit is challenging the inventorship of certain Woodway patents relating to curved, non-motorized treadmills.  (*Speedfit II*, ECF No. 1.) Defendant's motion evinces concern that plaintiffs may use evidence from *Speedfit II* to create doubt over the inventorship of Woodway's patents.  (Mot. 21.)  Plaintiffs' opposition appears to have allayed defendant's concern, however, and defendant has WITHDRAWN its twelfth motion *in limine*.  (Opp. 26 ("Plaintiffs stipulate hereby they will not use or attempt to use any evidence from [*Speedfit II*] at the upcoming trial on its instant claims to prove ownership of, attempt to prove ownership

29

of or otherwise cloud ownership of Woodway's own patents . . .
."); Reply 10 ("In view of Plaintiffs' stipulation that they
will not use any evidence from *Speedfit II* 'to attempt to prove
ownership of or otherwise cloud ownership of Woodway's own
patents,' . . . Woodway withdraws this Motion.").[8]

The court accordingly declines to consider defendant's
twelfth motion *in limine*, which is WITHDRAWN.

## M.   **Motion** *in Limine* **13**

Defendant seeks to preclude any introduction or
testimony about two unexecuted non-disclosure agreements, dated
2003 and 2005.  (Mot. 23.)  The Supplemental Complaint alleged
that defendant had breached two *written* non-disclosure
agreements, but plaintiffs admitted in their memorandum in
opposition to summary judgment that the "[n]on-disclosure
agreement(s) are not in evidence and not part of this case."
(WW SOF ¶¶ 72, 73; Pls.' Resp. WW SOF ¶¶ 72, 73.)  The court
dismissed plaintiffs' breach of contract claim as waived and
abandoned, and also on the grounds that any asserted oral
agreement was unenforceable.  (Sum. J. Order 59-64.)

---

[8]    Plaintiffs aver that evidence from *Speedfit II* may be used to establish
other claims, including unjust enrichment.  Plaintiffs believe the following
facts overlap and are probative in both cases: "facts concerning the
development of the SpeedFit Speedboard, email communications, testimony of
Alex [Astilean], [Douglas] Bayerlein, [Eric] Weber and [Dr. Kim] Blair on how
the inventive treadmill was developed before and after it was brought to
defendant, evidence such as the wooden prototype, the videos, the photographs
and dates thereof, engineering drawings, etc. . . ."  (Opp. 25.)

Plaintiffs, however, intend to have Astilean testify that he forwarded the documents to Bayerlein, and will introduce the unexecuted 2003 and 2005 agreements to establish Astilean's "aware[ness] of the confidential nature of the parties' relationship." (Opp. 20.) Plaintiffs made no such argument in their memorandum in opposition to summary judgment, and whatever probative value Astilean's testimony might have had is irrelevant now that plaintiffs' constructive trust claim is dismissed pursuant to the court's summary judgment order. (*See* Sum. J. Order 72-77.)

The court, therefore, deems defendant's thirteenth motion *in limine* MOOT, insofar as it relates to dismissed claims. For clarity, any attempt by plaintiffs to introduce the unexecuted non-disclosure agreements to establish a contractual, confidential, or fiduciary relationship will be precluded. If plaintiffs seek to introduce the unexecuted agreements with respect to their unjust enrichment claim, the court will consider any relevance and admissibility issues raised thereby at trial.

### N.  Motion *in Limine* 14

Defendant moves to preclude evidence or testimony regarding two separate suits involving Chapco, Inc. ("Chapco") and Samsara Fitness, LLC ("Samsara"). The first case is a suit by Speedfit in this District alleging breach of contract and

patent infringement.  *See Speedfit LLC v. Chapco, Inc.*, 2:15-cv-01323-PKC-RLM (E.D.N.Y.) ("New York Case").  The second involves Chapco and Samsara's declaratory judgment suit against Woodway seeking to invalidate patent infringement claims.  *Chapco, Inc. v. Woodway USA, Inc.*, 282 F. Supp. 3d 472, 476 (D. Conn. 2017) ("Connecticut Case").  Defendant objects to plaintiffs using evidence of a licensing agreement between Woodway and Chapco/Samsara in the Connecticut case to establish a reasonable royalty rate for plaintiffs' patent infringement damages claim. (Mot. 24; Opp. 28-29.)  Given the dismissal of plaintiffs' infringement claim, this aspect of the motion is MOOT.

Defendant also seeks to preclude plaintiffs from offering evidence from the New York Case to portray Astilean in a sympathetic light.  (Mot. 24.)  Plaintiffs stipulate not to use the license agreement to portray Astilean in a sympathetic light, though it is not clear if plaintiffs likewise stipulate not to use evidence from the New York and Connecticut Cases, generally, in such a manner.  (*See* Opp. 28-29.)  The court is highly skeptical whether any evidence from the Connecticut and New York Cases would be relevant to any claim or defense in this action, including for the purpose of portraying Astilean sympathetically.  Consequently, the court GRANTS defendant's fourteenth motion *in limine*.

O.   **Motion** *in Limine* **15**

Defendant moves to preclude plaintiffs from offering expert testimony at trial that was not timely submitted, not set forth in expert reports, or otherwise stricken pursuant to the orders by the undersigned or Judge Tomlinson.  (*See* ECF Nos. 239, 240, 241.)  Though plaintiffs frame their response as a rebuttal, they appear to be in fundamental agreement with defendant.  (Opp. 29-30.)  In any event, the court's orders speak for themselves and the parties are expected to be fully familiar and compliant with them.  If either party attempts to introduce evidence or testimony that contravenes the court's rulings, such evidence will be precluded.

Accordingly, defendant's fifteenth motion *in limine* is GRANTED to the extent it seeks to preclude expert testimony that was previously stricken by the court.

## CONCLUSION

For the reasons set forth above, the court:

- **Motion** *in Limine* **1**:GRANTS defendant's first motion *in limine*.  Plaintiffs may not put evidence of or testimony concerning Speedfit's sales and profit margins before the jury in support of their unjust enrichment claim, including as a theory of damages.

- **Motion** *in Limine* **2**: GRANTS defendant's second motion *in limine* to the extent plaintiffs intend to have Astilean testify regarding Speedfit's sales. Defendant's motion is otherwise MOOT.

33

- **Motion _in Limine_ 3**: DENIES defendant's third motion _in limine_. Plaintiffs may introduce evidence of Woodway's sales and profits as it relates to plaintiffs' unjust enrichment claim. Any risk of confusing the jury will be mitigated by a jury instruction clarifying the scope of permissible damages for unjust enrichment liability.

- **Motion _in Limine_ 4**: DENIES defendant's fourth motion _in limine_ as to plaintiffs' damages calculations.

- **Motion _in Limine_ 5**: GRANTS defendant's fifth motion _in limine_. Plaintiffs are precluded from directing _ad hominem_ remarks toward defendant at trial.

- **Motion _in Limine_ 6**: GRANTS defendant's sixth motion _in limine_. Plaintiffs are precluded from asserting entitlement to punitive damages.

- **Motion _in Limine_ 7**: Finds that defendant's seventh motion _in limine_ is MOOT.

- **Motion _in Limine_ 8**: Finds that defendant's eighth motion _in limine_ is MOOT.

- **Motion _in Limine_ 9**: Finds that defendant's ninth motion _in limine_ is MOOT.

- **Motion _in Limine_ 10**: GRANTS defendant's tenth motion _in limine_. Plaintiffs are precluded from introducing evidence relating to trade secret misappropriation or any other unpled claim. However, the court's order granting defendant's tenth motion _in limine_ shall not be construed as barring plaintiff from moving for leave to amend the Supplemental Complaint pursuant to the Federal Rules of Civil Procedure.

- **Motion _in Limine_ 11**: Finds that defendant's eleventh motion _in limine_ is largely MOOT. To the extent

plaintiffs intend to introduce evidence of subsequent remedial measures to prove their unjust enrichment claim, the court reserves decision and will evaluate the admissibility of such evidence at trial.

- **Motion *in Limine* 12**: Declines to consider defendant's motion *in limine* because it is WITHDRAWN.

- **Motion *in Limine* 13**: Finds that defendant's thirteenth motion *in limine* is largely MOOT. To the extent plaintiffs plan to introduce the unexecuted confidentiality agreements at trial, the court reserves decision and will consider any relevance and admissibility issues at the appropriate time.

- **Motion *in Limine* 14**: GRANTS defendant's fourteenth motion *in limine*, to the extent it seeks to preclude plaintiffs from using the license agreement or other evidence in the New York or Connecticut Cases to portray Astilean in a sympathetic or positive light.

- **Motion *in Limine* 15**: GRANTS defendant's fifteenth motion *in limine*. Plaintiffs may not introduce evidence or testimony that contravenes the court's rulings.

**SO ORDERED.**

Dated: Brooklyn, New York
      January 9, 2020

                                _____/s/_____
                                **KIYO A. MATSUMOTO**
                                United States District Judge
                                Eastern District of New York