**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SPEEDFIT LLC, and AUREL A. ASTILEAN,

                      Plaintiffs,

  - against -

WOODWAY USA, INC.,

                      Defendant.
----------------------------------------------------------X

**DECISION**
**AND ORDER**

CV 13-1276 (KAM) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Defendant Woodway USA Inc. ("Defendant" or "Woodway") filed a letter motion pursuant to Federal Rule of Civil Procedure ("Rule" or "FED. R. CIV. P.") 37(b)(2)(A) seeking sanctions against Plaintiffs Speedfit LLC ("Speedfit") and Aurel A. Astilean ("Astilean") (collectively, ("Plaintiffs")), for the alleged disclosure by Speedfit's counsel of Defendant's confidential sales information to the client, co-defendant Astilean, in violation of paragraph 4 of the Stipulated Protective Order ("Protective Order") [DE 27]. *See generally* Defendant's Letter Motion for Sanctions Regarding Noncompliance with Protective Order (Def.'s Mot.") [DE 246]. Defendant's counsel asserts that Woodway sales information (*i.e.,* sales, costs, and profits information) related to its curved manual treadmills -- the product at issue in this litigation – was produced during discovery under a "Confidential – Attorney's Eyes Only" designation. Def.'s Mot. at 2.

      According to Defendant's counsel, notwithstanding this "Attorney's Eyes Only" ("AEO") designation, the sales information was purportedly disclosed to Astilean, the Chief

Executive Officer of Speedfit, who referred to and utilized this information in his declaration[1] submitted in support of Plaintiffs' motion for summary judgment on its claim for unjust enrichment. *Id.* Specifically, Astilean's declaration referred to Defendant's "generated revenue" from the sale of curved manual treadmills.[2] Astilean Decl. ¶¶ 3, 40. Defendant further contends that even if the disclosure was warranted for any reason, it was nonetheless improper because Plaintiffs did not follow the proper procedure under the Protective Order to contest the designation prior to disclosure. *See* Def.'s Mot. at 4.

Defendant seeks relief in the form of an Order "(1) precluding Mr. Astilean from offering any declarations, statements, or testimony relating to Woodway's confidential sales information during summary judgment, (Ex. A); (2) striking Plaintiffs' portion of their Motion for Summary Judgment that relates to Mr. Astilean's improper testimony, (Ex. F); (3) striking reference to Woodway's sales figures from the Declaration of John Vodopia submitted in connection with Plaintiffs' Motion for Summary Judgment, (Ex. G); (4) requiring a detailed affidavit from Plaintiffs' counsel describing what information marked 'Confidential – Attorney's Eyes Only' was shared with Mr. Astilean and on what date(s) whether it was in document form or not; (5) enjoining Plaintiffs from using the improperly disclosed information at trial or otherwise; (6) requiring Plaintiffs' and/or Plaintiffs' counsel to pay Woodway's fees and costs in bringing this Motion." Def.'s Mot. at 5. Defendant's counsel states that "Plaintiffs have expressed no intent to remedy" the violation of the Protective Order and instead are "now challenging the

---

[1] *See* Declaration of Aurel A. Astilean in Support of Plaintiffs' Motion for Summary Judgment on Its Unjust Enrichment Claim and for Partial Summary Judgment on Infringement ("Astilean Decl.") [DE 248, Ex. A] [*SEALED*].

[2] Although the entire Astilean Declaration is sealed, the Court's general references in this Decision and Order do not conflict with the provisions of the Protective Order.

2

confidential nature of Woodway's sales information." *Id*. at 2.  Defendant asks the Court to "uphold Woodway's AEO designation[3] and impose sanctions against the Plaintiffs and their counsel for their violation of the Protective Order." *Id*.

At the outset, the Court points out that while the instant motion for sanctions was pending, Judge Matsumoto ruled upon the parties' cross-motions for summary judgment [DE 314] and several motions *in limine* [DE 315] which dealt directly with the extent to which Plaintiffs may use or reference, if any, Defendant's total sales information in support of Plaintiffs' unjust enrichment claim.  On Plaintiff's motion for summary judgment, Judge Matsumoto held that questions of fact precluded a finding of liability against Defendant for unjust enrichment at the summary judgment stage and therefore she did not consider the purported confidential sales information sought to be precluded by this motion.  *See* January 9, 2020 Memorandum & Order [DE 314] at 72.  Moreover, to the extent the motions were not mooted, Judge Matsumoto granted Defendant's motion *in limine* 2 and denied Defendant's motions *in limine* 3 and 4, each of which sought to restrict the manner and scope of Plaintiffs' use of the sales information.  *See* January 9, 2020 Memorandum & Order II [DE 315] at 16-20.  Accordingly, prongs 1, 2, 3 and 5 of the relief sought by Defendant's counsel in this sanctions motion are now MOOT.

Before discussing Plaintiffs' opposition to the instant motion, counsel are directed to this Court's Individual Rule III.A.1 which restricts letter motions and responses to such motions to

---

[3]   Woodway maintains that "its designations of sales and cost information are properly AEO" and adds that "[t]hrough the violation of the Protective Order and unilateral disclosure of Woodway's sales information to Mr. Astilean, Plaintiffs' counsel have deprived Woodway of the chance to properly validate its AEO designation." Def.'s Mot. at 2.  In disclosing Woodway's AEO sale information to Mr. Astilean, Defendant argues that Plaintiffs were attempting an "end-run-around" the Court's rulings concerning Mr. Wanetick.  *Id*. at 3.

3

three pages in length. Although Defendant complied with this Rule[4], Plaintiffs did not. Rather, Plaintiffs' counsel submitted a five-page, single-spaced letter – and did so without any authorization or request to the Court to exceed the page limitation. That in itself is a sufficient basis to reject the opposition. However, given the posture of this case and the proximity to trial, the Court in its discretion will address Defendant's sanctions motion and Plaintiffs' opposition to it. Before doing so, the Court notes that Woodway has created an issue as well. Woodway's counsel submitted a "Reply" to Plaintiffs' Opposition to the original motion for sanctions [DE 246] in which counsel states that "[t]o the extent the Court considers Plaintiffs' opposition as a sanctions motion, in view of Magistrate Judge Tomlinson's Individual Practice Rules that do not permit replies to discovery or non-dispositive motions, Woodway requests leave to file this response supporting its AEO designation." DE 252. The Court points out that Plaintiffs' opposition was not filed as a motion or cross-motion and that Plaintiffs' passing reference to "sanctions" in the first and last paragraphs of counsel's five-page submission – as well as the complete omission of any case law supporting such relief – violates the Court's Individual Rules with which the parties are familiar based on prior motion practice. *See* Plaintiffs' Letter Opposition to Defendant's Motion for Sanctions ("Pls.' Opp'n") [DE 251]. Consequently, the Court (1) declines to treat DE 246 as a motion by Plaintiffs for sanctions against the Defendant and (2) rejects DE 252 which is an improper reply by the Defendant. In turn, this means the Court likewise will not consider DE 258 which is Plaintiffs' purported opposition to DE 252.

Plaintiffs raise three primary arguments in opposition to Defendant's letter motion. *See* DE 251. First, Plaintiffs contend that the actual sales, costs, and profits information produced

---

[4] Page 1 of Defendant's letter motion is blank with the exception of the Court's name and address. Defendant's argument commences at the top of page 2 and ends on page 4, thereby complying with the Court's three-page limitation for letter motions.

under the "Confidential – Attorney's Eyes Only" designation was not disclosed to Astilean. *Id*. at 3. Rather, Plaintiffs' counsel calculated Defendant's total aggregate sales for the specific products at issue based on "at least four separate discovery documents demanded and received in discovery" and counsel disclosed that final calculation to Astilean. *Id*. at 2. Second, Plaintiffs argue that Defendant has failed to meet its burden to demonstrate that the total sales amount disclosed to Astilean warrants a "Confidential – Attorney's Eyes Only" designation. *Id*. Finally, Plaintiffs assert that Defendant's total sales form the basis of damages for its unjust enrichment claim and that precluding Plaintiffs from utilizing this information would essentially make it impossible for them to pursue their claim and move for summary judgment. *Id*. at 2,3.

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). It has consistently been held that "a protective order issued under Rule 26(c) can be enforced through Rule 37(b)." *Matter of Bouchard Transportation Co., Inc.,* No. 14-CV-0617, 2018 WL 1581992, at *1 (S.D.N.Y. Mar. 28, 2018) (citing *Koch v. Greenberg*, No. 07-CV-9600, 2011 WL 13260757, at *8 (S.D.N.Y. Aug. 16, 2011) (collecting cases)). Rule 37(b)(2)(A) sets forth a "non-exclusive list of sanctions" that may be imposed when a party fails to obey a predicate discovery order. *Hurley v. Tozzer, Ltd.*, 2017WL1318005, at*2 (S.D.N.Y. Feb. 10, 2017), *report and recommendation adopted*, 2017 WL 1064712 (S.D.N.Y. Mar. 21, 2017) (citation omitted). The list includes: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part;

5

(iv) staying further proceedings under the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. FED. R. CIV. P. 37(b)(2)(A). With these principles in mind, the Court addresses Plaintiffs' arguments.

Plaintiffs contend that the actual sales, costs, and profits information produced under the AEO designation was not disclosed to Astilean. Plaintiffs echoed this argument in the papers accompanying their summary judgment motion. Specifically, Attorney Vidopia stated as follows:

> 2. I make this declaration based upon my personal knowledge in support of Plaintiffs' motion pursuant to FRCP § 56 which seeks an order granting to Plaintiffs (i) summary judgment against Woodway USA, Inc. ("Defendant" or "Woodway") on its unjust enrichment claim in the sum of ▇▇▇ as of March 31, 2019, plus ▇▇▇ of sales from May 1, 2019, to the present,[1] (ii) partial summary judgment against Defendant on the issue of liability on their first claim of the supplemental complaint (Document No. 150, filed February 10, 2017) against defendant.
>
> _____
>
> [1]   Annexed hereto as **Ex. PL31** are *copies of Woodway's sales summaries* within which . . . [*redacted*] (emphasis supplied).

Declaration of John F. Vodopia, Esq. in Support of Plaintiffs' Motion for Summary Judgment [DE 268-2] ¶ 2 and n.1. Defendant Astilean specifically stated the following in his declaration:

> 2.   The damages I seek on my unjust enrichment claim ***are calculated and established in the accompanying declaration of my attorney, John F. Vodopia*** and derive from Woodway's sales and the gross profit margin established hereinbelow.[2]
>
> _____
>
> [2]   Woodway's sales was produced by it during discovery and *denominated "for attorneys' eyes only"* ***so I have not been able to review that portion of Woodway's production***.

6

Astilean Decl. ¶ 2 and n. 2 (emphasis supplied). Defendant Astilean clearly disavows ever having seen Woodway's sales figures. Rather, he ascribes that activity to Plaintiffs' patent counsel, John Vodopia. Attorney Vodopia confirms that assertion in his declaration.

Plaintiffs' counsel states that in discussing this matter with opposing counsel on the day the instant motion was filed, Plaintiffs advised that the "total revenue figure received by defendant from the sales of the treadmill . . . was not proprietary or a violation of the stipulated protective agreement." Pls.' Opp'n at 2. Plaintiffs' counsel further points out that

> . . . The single dollar figure disclosed to Plaintiffs and to which defendant objects, does not appear in any document but, rather, is a calculation made by Plaintiffs' counsel from four separate documents demanded and received in discovery. The information alleged to be a violation of the Stipulation is a high eight-figure dollar amount which Plaintiffs have calculated to be this sum upon which their claim for damages derives . . .
>
> During our meet and confer, I advised attorney Jelenchick that the information she objected to was derived *via* a calculation by counsel and is neither a violation of the Stipulation nor a trade secret, proprietary or otherwise, relevant to either plaintiffs or any competitor. I emphasized that the calculation was not disclosed in any document received by Plaintiffs during discovery and cannot be [a] violation of the Stipulation.

*Id*. The Court also observes that in a July 1, 2019 letter to Judge Matsumoto -- which is not sealed -- Plaintiffs' counsel stated that "[b]ased upon the SpeedFit's own sales of the treadmill . . . it realized a gross profit margin of 47.4%; applying that margin to Defendant's gross sales, Plaintiffs have sought summary judgment against Defendant on its unjust enrichment claim in the sum of $33,923,334. The actual documents containing an itemization of the sales by Defendant were not provided to Plaintiffs but instead were annexed as an exhibit to the attorney declaration submitted in support of the motion." DE 251-1. In that correspondence, Plaintiffs' counsel continued to deny that the documents were properly marked as confidential. *Id*.

7

>Paragraph 4 of the Protective Order states as follows:
>
>4.  In the event any producing party determines that any CONFIDENTIAL INFORMATION contains commercially sensitive information or trade secrets, such that disclosure of such CONFIDENTIAL INFORMATION to any officer, director, or employee of any other party to this Action, would create an undue risk of significant competitive injury to the producing party's business that would not exist in the absence of such disclosure, such party may designate such CONFIDENTIAL INFORMATION with an additional legend that states ATTORNEY'S EYES ONLY. Any party may make a written challenge to such a designation, which shall be resolved under the procedures obtained in Paragraph 10. CONFIDENTIAL INFORMATION, including material designated as ATTORNEY'S EYES ONLY, shall be filed under seal with the Court in any filing and shall only be disclosed to persons falling within one of the categories of Paragraph 5, except that no current or past officer, director, employee, or independent contractor of any party to this Action, including a current or past officer, director, employee, or independent contractor serving as expert or inside counsel for any party, may view information designated as ATTORNEY'S EYES ONLY, unless such person falls within a category listed in Paragraph 5(i).

DE 27 (Protective Order) ¶ 4.  To date, this Court has not seen any documentary evidence from either Defendant's or Plaintiffs' production showing a sales figure of $33,923,334.  The Court doubts that the Defendant would disagree with that statement.  Defendant essentially argues that Plaintiffs' counsel disclosed Woodway's AEO sales information to Defendant Astilean – the Court assumes Defendant means the transmission was oral.  No proof of such transmission has been presented and Plaintiffs continue to maintain that such is not the case.  The problem here is that an issue has already been raised about Plaintiffs' methodology in calculating damages.  How Plaintiffs present their damages evidence -- and who presents it in light of Plaintiffs' expert having been precluded -- is an issue to be worked out at trial before Judge Matsumoto. Meanwhile, this Court is not convinced that Plaintiffs' internal calculation of the $33,923,334 figure necessarily falls within the ambit of the Protective Order.  As such, this calculation is not

protected by the AEO provision and should not be precluded on that basis.[5] Most significantly, Judge Matsumoto denied Defendant's third and fourth motions *in limine* concerning Plaintiffs' presentation of damages at trial. *See* DE 315 (Order with Rulings on all Motions *in Limine*). Specifically, Judge Matstumoto ruled that Plaintiffs would not be precluded from presenting evidence of Woodway's sales, provided the sales evidence only includes data relating to the curved, non-motorized treadmills.[6] *Id.* at 17. Likewise, Judge Matsumoto held that the court was "inclined not to preclude evidence of plaintiffs' asserted damages for unjust enrichment, at least at this juncture."[7] *Id*. at 19.

---

[5] It is worth noting that the Protective Order provides for the introduction of "Confidential Information" at trial, as follows:

> 12. CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion hearing, and during depositions, and may be offered in evidence at trial or at any hearing, unless otherwise ordered by the Court, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to Paragraphs 1, 4, 5, 6, 7, 8, 10, and 11, but may not be used for any other purpose except as expressly provided herein or by order of the Court. DE 27 ¶ 12.

[6] "The court will not preclude plaintiffs from presenting evidence of Woodway's sales, provided the sales evidence only includes data relating to the curved, non-motorized treadmills. Instead, the court will instruct the jury to disregard any sales information that does not relate to Woodway's profits and gains relating to the curved, non-motorized treadmills at issue. If plaintiffs present evidence of Woodway's sales at trial, plaintiff shall endeavor to clarify for the jury the connection between the proffered sales information and the accused products." DE 315 at 17.

[7] "Plaintiffs' wholesale failure to address the potential calculation errors raised by defendant give the court pause. Defendant's motion, however, raises a conflict in the evidence regarding the calculation issue, and the court is inclined not to preclude evidence of plaintiffs' asserted damages for unjust enrichment, at least at this juncture. The court is confident that a jury can readily discern the potential errors defendants have highlighted and weigh the credibility of defendant's evidence and testimony against plaintiffs' evidence and testimony." *Id*. at 19.

The Court also points out that the cases relied upon by both sides with regard to this motion are not directly on point. One example discussed by both sides is *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research,* No. 15-CV-2044, 2017 WL 2418742, at *3 (S.D.N.Y. June 5, 2017). Defendant in the instant case appears to argue that the damages figure calculated by Plaintiffs was nonetheless derived from individual sales data which itself was designated as "Confidential – Attorney's Eyes Only." Defendant therefore maintains that Astilean's "use of protected information alone, even without disclosure, is a violation of the Protective Order." DE 246 at 3. In *Errant*, the defendants moved for sanctions against the plaintiff for violating a protective order entered in the underlying federal action. *Errant*, 2017 WL 2418742, at *3. There, the plaintiff had filed a separate complaint in state court which contained protected information provided by the defendant pursuant to the protective order in the federal court. *Id*. at *2-3. The court in *Errant* held that use of the protected information, even without disclosure, violated the terms of the protective order which expressly prohibited use of the protected information outside the underlying federal action. *Id*. at *3. *Errant* is distinguishable, however, because the information was being used in *unrelated* cases. In addition, *Errant* does not assist in resolving whether the information disclosed to Astilean itself constitutes "Confidential – Attorney's Eyes Only" – information, and in particular to what extent, if any, information derived from "Confidential – Attorney's Eyes Only" information but lacking such a designation should itself constitute or receive the same disclosure protections as "Confidential – Attorney's Eyes Only" information. In other words, based on Plaintiffs' argument, the Court must determine whether the disclosed information was sufficiently transformative of the "Confidential – Attorney's Eyes Only" information it was derived from such that it did not directly or indirectly disclose confidential information. However,

11

Defendant's submission generally refers to the "sales, costs, and profit information" produced and designated "Confidential – Attorney's Eyes Only" and does not specifically address the total sales figure actually calculated and disclosed by Plaintiffs' counsel.  In the absence of any legal or factual argument specifically addressing the individual information disclosed to Astilean, the Defendant has not met its burden to demonstrate that "Confidential – Attorney's Eyes Only" information was disclosed in the first instance.  This finding should not be construed in any way as countervening the findings of Judge Matsumoto with respect to the motions *in limine*.  Rather, this conclusion is simply another factor for the Court's consideration in determining how Plaintiffs shall proceed with their damages presentation at trial.

Accordingly, Defendant's letter motion for sanctions pursuant to Rule 37(b)(2) for the alleged disclosure of "Confidential – Attorney's Eyes Only" information is DENIED.  Further, both sides have requested an award of attorney's fees for the motion and opposition filed.  Pursuant to Rule 37(b), instead of or in addition to sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2)(C).  Here, since the Court declines to impose sanctions, there is no basis to award award attorney's fees to either side.

**SO ORDERED.**

Dated: Central Islip, New York
March 31, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge

12