```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SPEEDFIT LLC and AUREL A.
ASTILEAN,

        Plaintiffs,                    MEMORANDUM & ORDER
                                       13-CV-1276 (KAM)(AKT)
     -against-

WOODWAY USA, INC.,

        Defendant.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Defendant Woodway USA, Inc. ("Woodway" or "defendant") moves to strike the jury demand of plaintiffs Speedfit LLC ("Speedfit") and Aurel A. Astilean ("Astilean") (collectively, "plaintiffs"). Plaintiffs commenced this litigation against defendant in 2013. After seven years, four pleading amendments, extensive discovery, intensive motion practice, and the dismissal of all but one of plaintiffs' claims at summary judgment, this case is finally ready for trial. For the reasons discussed below, however, that trial will not be held before a jury, but will be conducted by the court. Plaintiffs' sole remaining cause of action is for unjust enrichment, a claim which is traditionally considered to be equitable and, here, seeks an equitable remedy. For the reasons that follow, defendant's motion to strike plaintiffs' jury demand is granted.

## BACKGROUND

Familiarity with the factual and procedural history of this matter is assumed, as set forth comprehensively in this court's prior orders concerning this litigation. *See Speedfit LLC, et al. v. Woodway USA, Inc.*, 53 F. Supp. 3d 561 (E.D.N.Y. 2014) (denying Woodway's motion to dismiss and motion to transfer); *Speedfit LLC, et al. v. Woodway USA, Inc.*, No. 13-CV-1276, 2015 WL 6143697 (E.D.N.Y. Oct. 19, 2015) (granting leave to file a Third Amended Complaint); *Speedfit LLC, et al. v. Woodway USA, Inc.*, 226 F. Supp. 3d 149 (E.D.N.Y. 2016) (granting in part and denying in part Woodway's motion to dismiss Third Amended Complaint); *Speedfit LLC, et al. v. Woodway USA, Inc.*, No. 13CV1276KAMAKT, 2020 WL 108646 (E.D.N.Y. Jan. 9, 2020) ("Summary Judgment Order") (granting in part and denying in part Woodway's motion for summary judgment and denying plaintiffs' motion for summary judgment). The court recounts only those facts pertinent to the disposition of the instant motion.

Speedfit, co-founded by plaintiff Aurel Astilean, is a New York-based company that develops fitness programs and equipment. (ECF No. 150, Supplemental Complaint ("Supp. Compl.") ¶¶ 8-9.) Defendant Woodway is a Wisconsin-based corporation that designs, manufactures, and sells fitness and exercise products, including non-motorized treadmills with a curved running surface. (*Id.* ¶ 10.)

2

Plaintiffs filed the operative Supplemental Complaint on February 10, 2017, alleging claims of patent infringement, breach of contract, unjust enrichment, and constructive trust. (*See generally* Supp. Compl.)  Plaintiffs designated "Jury Trial Demanded" on the cover page of their pleading. (*Id.*)  The Supplemental Complaint alleges that Astilean disclosed the prototype of a curved, non-motorized treadmill ("Wooden Prototype") to Woodway in December 2008, one month after Astilean filed a provisional patent application to protect his treadmill invention. (*Id.* ¶¶ 40-41.)  After meeting with Douglas Bayerlein, Woodway's president, to discuss the treadmill prototype, Astilean worked with a Woodway engineer, Nicholas Oblamski, to build a model of the treadmill for a tradeshow. (*Id.* ¶¶ 19, 41.)  According to plaintiffs, Woodway subsequently misappropriated plaintiffs' unique concept, design, and patent rights by filing its own patent application for a curved, non-motorized treadmill, and by selling it under the tradename "Curve." (*Id.* ¶¶ 2, 39.)  Plaintiffs allege that Woodway's income from Curve sales constitutes unjust enrichment. (*Id.* ¶¶ 7, 72-74.)  The Supplemental Complaint seeks "money damages" in excess of $20,000,000, corresponding to Woodway's "receipt of proceeds of the sale of the Curve . . . ." (*Id.* ¶ 73, Prayer for Relief ¶ 2.)

On January 9, 2020, the court issued a Memorandum and Order granting in part, and denying in part, the parties' cross-motions for summary judgment. (*See generally* Summary Judgment Order, 2020 WL 108646.) In pertinent part, the Summary Judgment Order granted defendant's motion for summary judgment and dismissed plaintiffs' patent infringement, breach of contract, and constructive trust claims. (*Id.*) The court determined, however, that genuine disputes of material fact existed with respect to plaintiffs' unjust enrichment claim, and denied both parties' motions for summary judgment on unjust enrichment. (*Id.* at *21-23.)

On January 16, 2020, Woodway filed a letter with the court seeking a pre-motion conference for its anticipated motion to strike plaintiffs' jury demand. (ECF No. 317.) Following the pre-motion conference, the court issued an order on January 22, 2020, instructing the parties to simultaneously brief the following issues: (1) whether striking plaintiffs' jury demand or impaneling a jury would constitute reversible error; and (2) the impact, if any, of plaintiffs potentially moving to amend their pleading at trial with the addition of legal claims, pursuant to Federal Rule of Civil Procedure 15(b). (Dkt. Order dated Jan. 22, 2020.) The parties filed their briefs on February 5, 2020.

Defendant's core contention is that plaintiffs do not have a right to a jury trial because their sole surviving unjust enrichment claim is equitable in nature, as is the disgorgement remedy it seeks. (*See* ECF No. 328, Def.'s Mot.) Plaintiffs maintain they are entitled to a trial by jury for the following reasons: (1) plaintiffs' sought-after money judgment makes their unjust enrichment claim, in essence, a legal, rather than equitable claim; (2) the unjust enrichment claim is synonymous with *quantum meruit* and "money had and received" causes of action, both legal claims warranting a jury trial; and (3) the court must refrain from striking plaintiffs' jury demand because plaintiffs may yet move to amend the Supplemental Complaint at trial by asserting a claim for misappropriation of trade secrets, a claim at law that ordinarily is decided by a jury. (ECF No. 329, Pls.' Opp.)

## LEGAL STANDARD

The right to a jury trial stems from the Seventh Amendment to the Constitution, which states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII. Federal Rule of Civil Procedure 38(a) guarantees that "[t]he right of trial by jury as declared by the

Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). "In doubtful cases, a court should favor the party seeking a jury trial." *Prudential Oil Corp. v. Phillips Petroleum Co.*, 392 F. Supp. 1018, 1022 (S.D.N.Y. 1975). On the other hand, inappropriately denying a motion to strike a jury demand constitutes reversible error. *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1258-59 (2d Cir. 1996), *abrogated on other grounds*, *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126 (2d Cir. 2008) (reversing district court's denial of defendants' motion to strike the jury demand).

Unjust enrichment does not arise under any federal statute, so the dispositive question is whether the Seventh Amendment preserves a right to trial by jury on a claim of unjust enrichment. This question turns on a two-pronged inquiry established by the Supreme Court to determine whether a given action is legal or equitable in nature. The court must first consider the nature of the issues raised in the action. *See Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990); *Tull v. United States*, 481 U.S. 412, 417-18 (1987). Here, the court compares the asserted claim with the "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Terry*, 494 U.S. at 565 (quoting *Tull*, 481 U.S. at 417)). At the second step,

the court considers if the remedy sought by the plaintiff is legal or equitable in nature. *See Terry*, 494 U.S. at 565. In sum, a plaintiff is entitled to a jury if his claims "involve rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity." *S.E.C. v. Commonwealth Chem. Secs., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978). The second question, concerning the available remedy, is more important to the analysis than the first question. *See Terry*, 494 U.S. at 565. In addition, "[p]laintiffs' characterization of the remedy sought is not necessarily controlling . . . ." *Brown v. Sandimo Materials*, 250 F.3d 120, 126 (2d Cir. 2001) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962) ("[W]e think it plain that [plaintiffs'] claim for a money judgment is a claim wholly legal in its nature however the complaint is construed . . . . [T]he constitutional right to a trial by jury cannot be made to depend upon the choice of words used in the pleadings.")).

## DISCUSSION

### I. Plaintiffs Are Not Entitled to a Jury Trial

Plaintiffs' unjust enrichment claim is not entitled to be tried before a jury under the Seventh Amendment. As a preliminary matter, plaintiffs' underlying theory of the case and request relief are worth reviewing. The court previously distilled plaintiffs' claim as follows:

7

> Astilean and Speedfit disclosed a wooden prototype of a curved, non-motorized treadmill [] to Woodway's CEO Doug Bayerlein in 2008; Bayerlein and his team at Woodway then relied on Astilean's input and know-how to develop the Speedboard 2; the Speedboard 2 ultimately became the Curve, part of the Woodway Legacy Treadmill product line; the Curve and other Woodway Legacy Treadmills, which were developed, at least in part, using Astilean's contribution of time, technical knowledge, and effort, were sold in the market and resulted in profits for Woodway; Astilean and Speedfit, however, did not receive any portion of these profits.

Summary Judgment Order, 2020 WL 108646, at *23. (*See also* ECF No. 268-1, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment ("Pls.' MSJ") 15 ("[A]bsent the theft by Defendant of the Speedboard 2/Curve (based on the wooden prototype), Woodway would never have sold a single non-motorized treadmill with curved running surface and would never have generated the revenue it received from its sale of the Speedboard 2/Curve.").) Plaintiffs have made clear that they are seeking restitution and asking the court to "disgorge the gross profits [Woodway] received from the sales of the Speedboard 2/Curve . . . ." (Pls.' MSJ 13; *id.* 12); *see also Golden Pac. Bancorp v. F.D.I.C.*, No. 95 CIV. 9281 (NRB), 2002 WL 31875395, at *15 (S.D.N.Y. Dec. 26, 2002), *aff'd*, 375 F.3d 196 (2d Cir. 2004) ("In a claim for restitution, the plaintiff seeks the return or restoration of whatever the defendant gained due to the wrongful action.") (quoting Dobbs, Law of Remedies, § 4.1(1), at 551 (2d ed. 1993)).  In other words, the $20,000,000

8

judgment plaintiffs seek represents disgorgement of Woodway's gain, not compensation for plaintiffs' pecuniary injury. (*See* Supp. Compl. ¶ 73.)

Applying the analysis mandated by the Supreme Court, the court first finds that plaintiffs' action for unjust enrichment is equitable in nature. Under New York law, which applies in this case, an action to recover under a theory of unjust enrichment is "based on the equitable principles that a person shall not be allowed to enrich himself unjustly at the expense of another." *Banco Popular N. Am. v. Lieberman*, 75 A.D.3d 460, 463 (N.Y. App. Div. 1st Dep't 2010) (citation omitted)); *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009) ("[Unjust enrichment] is an obligation imposed by equity to prevent injustice . . . ."). "Restitution is the traditional remedy employed for unjust enrichment claims." *Golden Pac. Bancorp*, 2002 WL 31875395, at *15 (citing *Sandimo Materials*, 250 F.3d at 126). Plaintiffs, surely cognizant of these well-established principles, have in the past readily acknowledged that unjust enrichment is "an equitable remedy." (Pls.' MSJ 12.) The court finds, as the Second Circuit has held, that unjust enrichment is an equitable cause of action and does not confer entitlement to a jury trial. *Commonwealth Chem. Secs.*, 574 F.2d at 95-96; *Emmpressa Cubana*

*Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 206 (S.D.N.Y. 2000).

Nonetheless, the Supreme Court mandates consideration of whether the remedy plaintiffs seek is equitable, regardless of the cause of action. Plaintiffs' central contention is that their request for money damages sounds in law and thus entitles them to a trial by jury. (*See generally* Pls.' Mot.) "Claims for money damages, though ordinarily sounding in law, are equitable if they are restitutionary, 'as in actions for disgorgement of . . . money wrongfully held.'" *Shamrock Power Sales, LLC v. Scherer*, No. 12CV8959KMKJCM, 2016 WL 6102370, at *6 (S.D.N.Y. Oct. 18, 2016) (citing *Terry*, 494 U.S. at 570-71 (alteration and internal quotation marks omitted)); *see Resner v. Arc Mills, Inc.*, No. 95 CIV. 2924 (JSM), 1996 WL 554571, at *1 (S.D.N.Y. Sept. 30, 1996) ("[Plaintiffs] incorrectly presume that any award of monetary relief constitutes legal relief.") (citing *Curtis v. Loether*, 415 U.S. 189, 196 (1987)). Plaintiffs unambiguously seek disgorgement of Woodway's profits for sales of the Curve treadmill, allegedly earned by the wrongful misappropriation of Astilean's concept. Disgorgement has repeatedly been characterized as an equitable remedy by courts in the Second Circuit. *See Webb v. RLR Assocs., Ltd.*, No. 03 CIV. 4275 (HB), 2004 WL 555699, at *2 (S.D.N.Y. Mar. 19, 2004) ("Since [plaintiff] . . . seeks the disgorgement of

10

profits, the monetary damage claimed is equitable in nature, and therefore does not entitle [plaintiff] to a jury trial."); *Swan Brewery Co. v. United States Tr. Co. of N.Y.*, 143 F.R.D. 36, 41 (S.D.N.Y. 1992) (holding that relief was restitutionary because the plaintiff "[sought] the return of the retained portion of the [o]verpayment"); *Standard Metals Corp. v. Tomlin*, 1982 WL 1300, at *4 (S.D.N.Y. Apr. 14, 1982) ("Disgorgement of the profits in an action brought to enjoin violations of the securities laws" is not a "remedy which entitles [plaintiff] to a jury trial."). At bottom, plaintiffs request for "the return or restoration of whatever the defendant gained due to [its] wrongful action," is the essence of restitution. Dobbs, Law of Remedies, § 4.1(1), at 551; *see also* RESTITUTION, Black's Law Dictionary (11th ed. 2019) ("Return or restoration of some specific thing to its rightful owner or status.").[1] Accordingly,

---

[1] Plaintiffs have not articulated any theory of compensatory damages in connection with their unjust enrichment claim, such that their action would attain legal, rather than equitable, status. *Cf. Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 642–43 (S.D.N.Y. 2005), *aff'd sub nom. Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) ("[A] jury trial was warranted in this case to the extent that Design's remaining claims sought compensation in the form of damages under the legal remedy of lost profits."). In any event, plaintiffs are now foreclosed from advancing a legal claim of compensatory or pecuniary damages. On January 9, 2020, the court granted defendant's motion *in limine* to preclude evidence of Speedfit's lost profits and sales margins, which would presumably buttress any theory of compensatory damages. *See Speedfit LLC v. Woodway USA, Inc.*, No. 13CV1276KAMAKT, 2020 WL 130423, at *3-6 (E.D.N.Y. Jan. 9, 2020) ("Motion *in Limine* Order") (precluding evidence based on failure to timely produce records or identify expert supporting a theory of unjust enrichment damages based on Speedfit's lost profits and margins).

plaintiffs seek an equitable remedy, and therefore, are not entitled to a jury trial.

## II. Plaintiffs' Remaining Arguments Are Unavailing

Plaintiffs' remaining arguments are essentially futile efforts to retroactively change their pleading or recant on-the-record statements that undermine their attempt to salvage a jury trial. These contentions are ultimately unavailing.

In the main, plaintiffs assert that "[a]lthough labeled as 'unjust enrichment' the remining [sic] claim herein is identical to a claim for money had and received and *quantum meruit*." (Pls.' Opp. 4.) As an initial matter, a claim for *quantum meruit* is not identical to unjust enrichment. *Simmons v. Omohundro*, No. 05 CIV. 4482 TPG, 2011 WL 1157454, at *1 (S.D.N.Y. Mar. 28, 2011) ("[U]njust enrichment is, by definition, different from quantum meruit. As the court explained to the jury, the focus of an unjust enrichment claim is on the benefits received by a defendant, whereas the focus of a *quantum meruit* cause of action is on the services performed by the plaintiff."). Less than a year ago, plaintiffs seemed aware that their unjust enrichment claim was distinct from *quantum meruit* when they expressly stated that they are not advancing a *quantum meruit* claim. (ECF No. 280, Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, 8

("Plaintiffs do not have a claim for *quantum meruit* in this action.").) Now, plaintiffs wish to reverse course and retroactively revise their pleading to suit their momentary needs.

Leaving aside plaintiffs' blatant about-face, plaintiffs cannot establish a *quantum meruit* claim at this juncture. Although unjust enrichment is an element of *quantum meruit*, to prevail on *quantum meruit* claim, plaintiffs must also establish "(1) that goods were provided or services performed in good faith; (2) that the person to whom the services or goods were rendered accepted them; (3) that the provider expected to be compensated for the goods or services; and (4) the reasonable value of the goods or services provided." *Fercus, S.R.L. v. Palazzo*, No. 98 CIV. 7728 (NRB), 2000 WL 1118925, at *5 (S.D.N.Y. Aug. 8, 2000). As defendant correctly notes, plaintiffs have produced no fact or expert discovery regarding the reasonable value of goods or services provided by plaintiffs to Woodway, plaintiffs' expert did not offer an opinion regarding the value of goods or services plaintiffs provided, and plaintiffs did not disclose any witnesses competent to testify on the matter. (*See* Def.'s Mot. 7.) And, assuming *arguendo* that plaintiffs could advance a viable claim for *quantum meruit*, their theory of recovery would still lie in

13

restitution, an equitable remedy that does not entitle plaintiffs to a jury trial.

Likewise, plaintiffs' assertion that their unjust enrichment claim is actually a "money had and received" action in disguise, is both plainly transparent, and borderline frivolous. Under New York law, a claim for money had and received requires that "(1) defendant received money belonging to the plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984) (citing *Miller v. Schloss*, 218 N.Y. 400, 407, 113 N.E. 337 (N.Y. 1916)); *see also A.I.A. Holdings, S.A. v. Lehman Bros.*, Inc., 97 Civ. 4978, 1999 WL 47223, at *5 (S.D.N.Y. Feb. 3, 1999). A cause of action for money had and received is admittedly *similar* to a cause of action for unjust enrichment: "the essence . . . is that one party has received money or a benefit at the expense of another." *Gargano v. Morey*, 165 A.D.3d 889, 891 (N.Y. App. Div. 2d Dep't 2018). Unlike unjust enrichment, however, money had and received is typically considered a legal claim, and therefore, requires a trial by jury. *Accord Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 43 (1989) (recognizing that actions for "money had and received" are traditionally legal actions requiring trial by

14

jury); *Onanuga v. Pfizer, Inc.*, 369 F. Supp. 2d 491, 501 (S.D.N.Y. 2005).

Plaintiffs' eleventh-hour money had and received claim lacks a crucial element, however: money. Plaintiffs have not once alleged or stated that defendant obtained money or property in which plaintiffs held a "possessory interest." *See Fernbach, LLC v. Capital & Guarantee Inc.*, No. 08CIV1265(SHS), 2009 WL 2474691, at *5 (S.D.N.Y. Aug. 12, 2009) (internal citations omitted). "Traditionally, the remedy for money had and received is available 'if one [] has obtained *money* from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass.'" *Panix Promotions, Ltd. v. Lewis*, No. 01 Civ. 2709, 2002 WL 122302, at *2 (S.D.N.Y. Jan. 22, 2002) (quoting *Miller*, 218 N.Y. at 408) (emphasis added); *Parsa v. State*, 474 N.E.2d 235, 238 (N.Y. 1984) (citing examples of actions for money had and received, including "where plaintiff has paid *money* by mistake, *money* has been collected for an illegal tax or assessment, or *property* is erroneously taken or withheld by a public official.") (emphasis added). Rather, plaintiffs claim that Woodway was conferred the benefit of Astilean's technical know-how, which Woodway used to manufacture treadmills under its own name and for its own profit, to Astilean and Speedfit's exclusion. In short,

15

plaintiffs fail in attempting to conflate unjust enrichment, an equitable claim, with money had and received, a legal claim.

Finally, plaintiffs insist the court may not try this case without a jury given the prospect that plaintiffs might move for leave to amend their pleading to add a claim for trade secret misappropriation, a claim at law which would presumably entitle them to a jury trial. (Pls.' Opp. 7-8.) Plaintiffs' opposition does not cite any authority suggesting a court must refrain from striking a jury demand based on the mere possibility of a pleading amendment to add a legal claim. Indeed, an exception allowing plaintiffs to salvage their jury demand by raising the prospect of a pleading amendment at trial would likely swallow the rule. The court will not empanel a jury on these grounds.

Moreover, plaintiffs' probability of success in adding a trade secret claim is dubious. The court previously decided not to foreclose plaintiffs' opportunity to move for an amendment at trial, but also clarified that it was highly unlikely to permit additional discovery or witnesses, five years after the close of discovery, to prove a trade secret misappropriation claim. Motion *in Limine* Order, 2020 WL 130423, at *8-10. Without the benefit of additional discovery, expert opinions, or witnesses, it is questionable whether plaintiffs can successfully overcome their burden of showing that such a

16

pleading amendment is not futile. *Cf. Johnson v. City of New York*, No. 16-CV-6426(KAM)(VMS), 2018 WL 5282874, at *4 (E.D.N.Y. Oct. 24, 2018) ("A party seeking leave to amend under Rule 15 must establish that amendment is not futile . . . .") (citations and internal quotation marks omitted). For example, to prevail on a claim for trade secret misappropriation under New York law, plaintiffs must establish that the information Astilean conveyed to Woodway was a trade secret, and that plaintiffs made efforts to guard the secrecy of Astilean's idea from the public. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009). If the record to date lacks evidence probative of these elements, plaintiffs are now essentially precluded from adducing the requisite supplemental evidence to establish a claim for misappropriation of trade secrets. *See* Motion *in Limine* Order, 2020 WL 130423, at *9 ("[P]laintiffs almost certainly will not be able to demonstrate 'good cause' to reopen discovery pursuant to Rule 16(b) of the Federal Rules of Civil Procedure."). Plaintiffs also have not served an expert report detailing what damages they would seek under a trade secret claim, or articulated any theory of damages—other than disgorgement—as a remedy for misappropriation. Thus, even if the court were to permit an amendment of the Supplemental Complaint at trial, plaintiffs would still not be entitled to a jury trial. *See Tex. Advanced Optoelectronic Sols., Inc. v.*

17

*Renesas Elec. Am., Inc.*, 895 F.3d 1304, 1318–26 (Fed. Cir. 2018) (plaintiff had no right to jury decision on its request for disgorgement of defendant's profits as remedy for trade secret misappropriation). Although the court will not deprive plaintiffs their right to move to amend the pleading at trial, the court will not empanel a jury based on a proposed pleading amendment of questionable merit.

### III. The Court Declines to Empanel an Advisory Jury

The court's power to empanel an advisory jury, pursuant to Rule 39(c) of Federal Rules, "is entirely discretionary." *NAACP v. Acusport Corp.*, 226 F. Supp. 2d 391, 398 (E.D.N.Y. 2002) (citing *Glanzman v. Schaffer*, 252 F.2d 333, 334 (2d Cir. 1958)); 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2335 (3d ed.) ("[T]he case law is abundantly clear: it is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c), and the district court's exercise of this discretion is not reviewable.") (footnotes omitted). "Courts may empanel an advisory jury in order to maximize efficiency and convenience." *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009).

The court opts not to empanel an advisory jury for three reasons. First, plaintiffs have not asked or advocated for one. Second, the complicated facts of the case, and its

18

intricate procedural history, would be very difficult for a jury to absorb, and the court does not see how an advisory jury would assist the court in its own fact-finding obligations.  Third, the court cannot ignore present circumstances.  The potential health risks caused by the ongoing COVID-19 pandemic strongly militate against the empanelling of a jury for mere advisory purposes, especially where, as here, plaintiffs' Constitutional rights are not implicated.

## CONCLUSION

For the reasons set forth above, defendant's motion to strike plaintiffs' jury demand is GRANTED.  In addition, the court declines to empanel an advisory jury.

**SO ORDERED.**

Dated: Brooklyn, New York
       June 8, 2020

/s/
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York